UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER ROSE
122 C Street, # 850
Washington DC 20001

    Plaintiff,

  v.

UNITED STATES OF AMERICA
Serve:  Jeffrey A. Taylor, U.S. Attorney
    District of Columbia
    555 Fourth Street, NW
    Washington, DC 20530
    Attention: Civil Process Clerk

Serve:  Alberto Gonzales
    Attorney General
    Department Of Justice
    10th And Constitution Ave NW
    Washington, DC 20530
and
DISTRICT OF COLUMBIA
Serve:  Adrian M. Fenty, Mayor
    John A. Wilson Building
    1350 Pennsylvania Ave., NW
    Washington, DC 20004

Serve:  Linda Singer, Attorney General of D.C.
    441 4th Street NW, Suite 1060 N
    Washington, DC 20001
and
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Serve :  The Hon. Rufus G. King, III, Chief Judge
    Moultrie Courthouse
    500 Indiana Ave., N.W.
    Washington, D.C. 20001
and
FEDERAL BUREAU OF INVESTIGATION
Serve:  Federal Bureau of Investigation
    J. Edgar Hoover Building
    935 Pennsylvania Ave., NW
    Washington, DC 20535-0001

    Defendants.

Civil Action No. _____

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, Bernard Solnik, and sues the Defendants, and in support thereof states as follows:

### Parties and Jurisdiction

1. Plaintiff Peter Rose is, and was at all times relevant to the allegations of this Complaint, a natural person and citizen of the United States. He is and was at all times described in this Complaint a private consultant in the area of military defense whose clients do now and in the past have included major defense industry businesses serving the United States. He is a former Congressional staffer who has at various times mentioned in this Complaint held a top secret clearance from the U.S. Department of Defense. Mr. Rose's position involves access to the Oval Office of the White House; access to other secure areas; and frequent travel throughout the United States and the world.

2. Defendants the United States and the District of Columbia are entities governed by the U.S. Constitution and the Laws of the United States.

3. Defendant Superior Court of the District of Columbia is the adjudicating body with respect to the sealing of the Plaintiff's arrest record described herein. It is also the promulgating body with respect to Rule 118 of the Superior Court Rules of Criminal Procedure (hereinafter also referred to as "Rule 118").

4. The Federal Bureau of Investigation is a federal law enforcement agency that maintains a national database of state and federal arrests, including those arrests which have not resulted in a conviction.

5. This action is being brought pursuant to 28 U.S.C. sections 1331, 1343, 2201 and 2202, 42 U.S.C. section 1983, and the U.S. Constitution, and in particular, the Fifth Amendment thereto. Jurisdiction is vested in this Honorable Court pursuant to these statutes.

6. Venue is vested in this Honorable Court pursuant to 28 U.S.C. section 1391.

\* \* \*

7. In January of 1999 Plaintiff Peter Rose was arrested and charged by complaint with one felony count of robbery in D.C. Superior Court Case No. F431-99. Mr. Rose ardently denied the factual allegations underlying the charges, and on or about April 1, 1999 D.C. Superior Court Judge Eilperin dismissed the case on the grounds that the Government lacked probable cause.

8. Just over one year later on or about April 6, 2000, Mr. Rose was, based solely on the same alleged incident underlying his January 1999 arrest, charged anew by information, this time with one misdemeanor count of simple assault, and one misdemeanor count of taking property without right. *See* D.C. Superior Court Case No. M 4035-00. Again, Mr. Rose ardently denied the factual allegations underlying the charges, and these new charges were dismissed on March 9, 2001 when the Government entered a *nolle prosequi* on all charges due to the absence of evidence to support the charges.

9. Plaintiff Rose then filed a Rule 118 motion to seal his records with respect to both the felony robbery charge and the two misdemeanor charges.

10. While, in order to have *convicted* Mr. Rose, the Government would have had to prove Mr. Rose's guilt beyond a reasonable doubt, the burden of proof is inexplicably reversed and placed on Mr. Rose to prove his innocence when it comes to sealing his arrest and court records. More particularly, even though Mr. Rose was never convicted of any of the charges, even though the Government dropped all charges, and even though Mr. Rose had all along ardently denied that he had ever committed any of the alleged offenses, his arrest and court records would still not be sealed or expunged unless, as required by Rule 118(e), Mr. Rose could prove "by clear and convincing evidence that the offense for which he was arrested did not occur or that he did not commit the offense."

11. In view of this extremely high standard of proof, Mr. Rose's motion was denied by the Superior Court even though in issuing the denial the Superior Court Judge stated unequivocally that there "is no question...[that] there is not proof beyond a reasonable doubt [to support a conviction of the Appellant]."

12. Mr. Rose appealed the denial but in a written opinion of the D.C. Court of Appeals, dated August 4, 2005, the denial was affirmed, even though the Court of Appeals in

its own opinion acknowledged that the trial Judge stated unequivocally that there "is no question...[that] there is not proof beyond a reasonable doubt [to support a conviction of the Appellant]."

13. Mr. Rose has suffered and continues to suffer severe adverse consequences solely as a result of the record of the arrest over six years ago, including the following:

   a. being denied access to the White House even though he was an invited guest of the President, who was to meet with Mr. Rose and Mr. Rose's clients in the Oval Office of the White House (said denial of access occurring right in front of Mr. Rose's clients, at the entrance to the White House grounds);

   b. being delayed and detained by uniformed Secret Service agents, right in front of Mr. Rose's client, at the entrance to a meeting at the Office of Management & Budget, which detention resulted in Mr. Rose missing the meeting;

   c. being delayed and detained by uniformed Secret Service agents, right in front of a client, at the entrance to the Old Executive Office Building, where Mr. Rose was to meet with high level White House staff concerning homeland security;

   d. having to decline invitations to meet with President Bush and to attend other meetings with important officials in secure locations for fear of, yet again, being detained and publicly and professionally embarrassed;

   e. being disqualified from the Transportation Security Administration Registered Traveler Pilot Program, which program is designed to expedite the airport screening process for frequent travelers;

   f. having the renewal of his security clearance significantly delayed;

   g. having heightened fear and apprehension whenever in contact with law enforcement (*e.g.*, when he was stopped by a police officer for a routine traffic violation, the officer, upon learning of Mr. Rose's arrest for felony robbery, immediately changed his attitude from friendly to defensive, on edge, suspicious and threatening, and the officer even went so far to ask to search Mr. Rose's vehicle even though the officer had no probable cause or reason to suspect anything beyond a simple traffic violation, other than his knowledge of Mr. Rose's felony arrest); and

      h. being embarrassed when a colleague happened to come across his arrest record in the Superior Court's public records database.

14. As a result, Mr. Rose's ability to perform his job, earn income, advance in his career, and travel freely and without undue fear have been severely and adversely impacted by the arrest record. In other words, Mr. Rose's has suffered great damage to his life, liberty and property due to the record of his arrest, and by Rule 118 placing the burden of proof on him to prove his innocence (rather than the Government to prove his guilt) in order to seal his arrest record, the Rule has resulted in the deprivation of his life, liberty and property rights without due process of law. This clearly violates the Fifth Amendment to the United States Constitution which provides that "No person shall be... deprived of life, liberty, or property, without due process of law...." *Cf. Dawkins v. U.S.*, 535 A.2d 1383, 1386 at n. 3 (D.C. 1988) (indicating, in the context of issues relating to the sealing of arrest records, that an individual's Constitutional liberty and property rights are implicated where interests such as employment, are affected).

15. Moreover, the primary rationale for the Rule 118 standard has been its usefulness to the police in keeping arrest records to help prevent crimes and apprehend criminals. *See District of Columbia v. Hudson*, D.C.App., 404 A.2d 175 (1979). This supposed usefulness of arrest records – particularly with respect to *nolle prossed* charges – has always been specious and controversial.[1] Indeed, on its very face, this rationale improperly presumes that just because someone is arrested they are a criminal or should be treated like a criminal who must be tracked to prevent crimes. Not only is this rationale improper, but Plaintiff submits that rather than being helpful to law enforcement, arrest records on charges that have not resulted in convictions are inherently misleading to law enforcement personnel, necessarily causing law enforcement personnel to focus on facts that have not been proven, and that in many cases are incorrect and incomplete. This not only diminishes the effectiveness of law enforcement and causes law enforcement to waste resources by focusing on innocent persons, but also results in unduly tense, frightening, combustible and uncomfortable interactions between citizens

---

[1] *See, e.g., Hudson*, 404 A.2d at 178 ("Our reference to the practice of law enforcement officials using arrest records should not be taken as approval of these specific uses, but, absent a direct attack on any particular use to which we have referred, we must assume that arrest records have an appropriate role in law enforcement and proceed in this opinion on that premise.")

coming into contact with law enforcement personnel and those law enforcement personnel who have been misled to view said citizens as criminal and dangerous, solely because of an arrest record.

16. Moreover the Rule 118 standard was developed in 1979, at a time when arrest information was not so easily distributed throughout law enforcement and civilian realms and when law enforcement personnel had far less sophisticated resources and tools to assist them. Indeed, at that time, desktop computers were rare and the Internet was not even in existence. Today, more than twenty-five years after Rule 118 was developed, such usefulness, particularly with respect to *nolle prossed* charges, is considerably diminished, particularly in view of the many new and advanced technologies and methods that have been and that can be developed by law enforcement that do not rely on arrest records. At the same time, the adverse impacts on the arrestee of the continued existence of an arrest record have substantially grown due to the incredible ease in which arrest information is now available. *See, e.g.* www.courtrecords.org which offers instant criminal record checks to the general public for a modest fee. Thus while the harm caused by this improper Rule 118 may perhaps have been relatively negligible in effect in the past, in the present age where arrest information is so easily distributed the effect is increasingly significant and widespread.

17. Thus, in light of the technological and other advancements over the past twenty-five years, which have increased the injury to individuals and decreased the benefits to law enforcement of the present Rule 118 standard, the current Rule 118 standard is unConstitutional and, even if it were Constitutional, is still inappropriate.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court

    (a) Declare Rule 118 to be unConstitutional;
    (b) Declare that the Plaintiff as well as any and all other persons ever arrested under District of Columbia law who were not adjudicated to be guilty of any offense charged under that arrest are, by virtue of the absence of such adjudication, entitled to have all records created by the Government or for the Government as a result of the arrest either destroyed or modified to remove any information that could possibly connect the arrestee's identity to the record;
    (c) Order that all records created by the Government or for the Government as a result of the arrest of the Plaintiff as described herein either be destroyed or modified to remove any information that could possibly connect the arrestee's

identity to the record and that written confirmation by the Government that such destruction or modifications have occurred be filed with the Court within ten (10) days of the entry of the Order;
(d) Order that all records created by the Government or for the Government as result of any arrest under District of Columbia law which arrest did not result in an adjudication of guilt be either destroyed or modified to remove any information that could possibly connect the arrestee's identity to the record and that written confirmation by the Government that same has occurred be filed with the Court within three months of the entry of the Order;
(e) Award Plaintiff reasonable attorney fees and costs pursuant to 42 U.S.C. sec 1988; and
(f) For such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

*[signature]*

Bernard A. Solnik, Esq. (D.C. Bar #448453)
11 N. Washington Street, Suite 640
Rockville, MD 20850
Tel. 301-294-9200

7

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Peter Rose

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Bernard Solnik, Esq.
Law Office of Bernard Solnik, LLC
11 N. Washington Street, Suite 640
Rockville, MD 20850
301-294-9200

## DEFENDANTS
U.S.A., District of Columbia, Superior Court of DC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☒ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
U.S. Constitution, and 28 usc 1331, 1343 2201 2202 and 42 usc 1983. DC Superior Court Rule on sealing arrest records violates Const. and Civil Rights.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 0.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 5/18/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.