UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER ROSE, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>UNITED STATES OF AMERICA, )<br>DISTRICT OF COLUMBIA, )<br>SUPERIOR COURT OF THE )<br>    DISTRICT OF COLUMBIA, )<br>FEDERAL BUREAU OF INVESTIGATION, )<br>)<br>    Defendants. )<br>)<br>_____) | Case No.: 1:07-cv-00926<br>Judge: Richard W. Roberts |

## DEFENDANTS' DISTRICT OF COLUMBIA AND SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA MOTION TO DISMISS THE COMPLAINT

The District of Columbia and the Superior Court for the District of Columbia (hereinafter "Defendants"), by their attorney, the Office of the Attorney General for the District of Columbia, move to dismiss the complaint for insufficient service of process. Fed.R.Civ.P. 12(b)(5). Defendants further move for dismissal of the Superior Court of the District of Columbia as a defendant because it is *non suis juris*. In support hereof, Defendants state:

    1)    Plaintiff has failed to properly serve the District of Columbia and the Superior Court for the District of Columbia pursuant to Fed.R.Civ.P 4(j)(2), which directs the Court to the local rules for service on the District, SCR-Civil 4(j) and (*l*)(2), and the complaint should therefore be dismissed pursuant to Rule 12(b)(5).

2)  The Superior Court of the District of Columbia is *non suis juris*, and Plaintiff's complaint should be dismissed as to this defendant.

WHEREFORE, Defendants respectfully request this Honorable Court to dismiss the complaint for the reasons stated in the accompanying memorandum in support of Defendant's Motion to Dismiss.  Defendant has attached a proposed order.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


____/s/ Ellen A. Efros_____
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division


___/s/  Jayme B. Kantor_____
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER ROSE,        )<br>                              )<br>     Plaintiff,           )<br>                              )<br>          v.                 )<br>                              )<br>DISTRICT OF COLUMBIA,        )<br>SUPERIOR COURT OF THE        )<br>     DISTRICT OF COLUMBIA, et. al.  )<br>                              )<br>     Defendants.          )<br>                              )<br>_____) | Case No.: 1:07-cv-00926<br>Judge: Richard W. Roberts |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

The District of Columbia and the Superior Court for the District of Columbia (hereinafter "Defendants"), by their attorney, the Office of the Attorney General for the District of Columbia, move to dismiss the complaint for insufficient service of process. Fed.R.Civ.P. 12(b)(5); Fed.R.Civ. P. 4(j)(2); SCR-Civil 4(j) and (*l*)(2). Defendants further move to dismiss Superior Court for the District of Columbia as a defendant because it is *non suis juris*.

### STATEMENT OF FACTS

Plaintiff has filed proof of service for the District of Columbia via certified mail to the Mayor and to the Attorney General. Plaintiff's return receipt for the service upon the Attorney General's office was signed by "M. Smith" on May 23, 2007. Plaintiff's return receipt for the service upon the Mayor's office was signed by what can best be made out as "L.L" on May 24, 2007.

The Office of the Attorney General has three agents designated to accept service of process on behalf of the Attorney General. Those persons are Darlene Fields, Gale Rivers and Tonia Robinson. The Mayor's office also has three agents designated to accept service of process on behalf of the Mayor. Those persons are Tabatha Braxton, Erica Easter and Arlethia Thompson. None of the above-named persons accepted service of process in this case. *See attached* <u>Defendant Exhibits 1</u> (Attorney General's designation of employees authorized to receive service of process) and <u>2</u> (Mayor's designation of staff to handle/accept legal correspondence). The Superior Court has record of Darlene Fields and Tabatha Braxton as designees for the Attorney General and the Mayor, respectively.

Plaintiff has named the Superior Court of the District of Columbia as a defendant to this lawsuit. However, the Superior Court is *non suis juris.* As such, it cannot be named as a defendant to Plaintiff's suit and it should be dismissed.

### ARGUMENT

**A.     Lack of Proper Service of Process Requires Dismissal Under Rule 12(b)(5).**

The rule for service upon a state or local government in Federal Court is Fed.R.Civ.P 4(j)(2). This rule states that service may be made by delivering a copy of the summons and complaint to the chief executive officer or in the manner prescribed by the law of that state for service of process. The Plaintiff in this case did not deliver his summons and complaint to a chief executive officer,[1] so service of process must be made pursuant to the local rule, SCR-Civil 4(j), in order for it to be proper. "Unless the

---

[1] "If the plaintiff opts not to serve the District according to District of Columbia service of process requirements, then he must 'deliver a copy of the summons and of the complaint to [the District's] chief executive officer …' Fed. R. Civ. P. 4(j)(2)." <u>Candido v. District of Columbia</u>, 2007 U.S. Dist. LEXIS 45175, 35 (D.D.C. 2007).

4

procedural requirements of effective service of process are satisfied, a court lacks power to assert personal jurisdiction over a defendant." Wilson v. Prudential Fin., 332 F. Supp. 2d 83, 87 (D.D.C. 2004). The party on whose behalf service is made has the burden of proving that Rule 4 was satisfied in serving process. Id. Because Plaintiff has not demonstrated compliance with Fed.R.Civ.P. 4 and SCR-Civil 4, the complaint should be dismissed pursuant to Fed.R.Civ.P 12(b)(5) for insufficient service of process.

The rules do permit Plaintiff to serve by registered or certified mail; however, since he chose that method, it was his burden to prove service on either the named individuals or an authorized agent. Such has not been accomplished. SCR-Civil 4(*l*)(2) states that if service is made by registered or certified mail and is not signed by the party named in the summons, proof of service must show "specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule." In subdivision (j), the rule states that the Mayor and the Attorney General "may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court." SCR-Civil 4(j). *See attached* Defendant's Exhibits 1 and 2.

Plaintiff's proof of service states that "a signed receipt or other evidence that delivery was made to the addressee or the addressees' authorized agent is attached hereto" is erroneous. The attached receipt for each the Attorney General's office and the Mayor's office does not indicate delivery to Attorney General, Linda Singer, Mayor Adrian Fenty, or one of their designees. The attached receipts show signatures that can best be made out as "M. Smith" and "L.L.," respectively. It is the duty of the plaintiff when service is made by certified or registered mail to articulate "specific facts from

5

which the Courts can determine that the person who signed the receipt meets the appropriate qualifications for service of process." SCR-Civil 4(*l*)(1). *See* Kopff v. World Research Group, LLC, 298 F. Supp. 2d 50, 59 (D.D.C. 2003). These signatures are insufficient, especially in light of the notice that each agency has made designating its authorized agents. Defendant Exhibits 1 and 2. At best, it can be assumed that Plaintiff's mail went to a mail clerk or receptionist. However, "a receptionist in one's office, even if authorized to sign for and open all of the mail, is not necessarily authorized to accept service of process." Larry M. Rosen & Associates, Inc. v. Hurwitz, 465 A.2d 1114, 1117 (D.C. 1983), *citing* Morfessis v. Marvins Credit, Inc., 77 A.2d 178, 180 (D.C. 1950) (status as secretary and sole office employee did not establish agency to receive service of process for employer).

Defendant's instant response does not concede service because "simply being on notice of a lawsuit 'cannot cure an otherwise defective service.'" Candido v. District of Columbia, 2007 U.S. Dist. LEXIS 45175, 35 (D.C.C., decided June 22, 2007), quoting Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 2-3 (D.D.C. 2004). Since Plaintiff failed to make proper service of process, the complaint should be dismissed under Rule 12(b)(5) for insufficient service of process.[2]

**B.    Superior Court is *Non Suis Juris* and Must be Dismissed as a Defendant**

This Court has held that the Superior Court of the District of Columbia is not a suable entity and, as such, cannot be sued in its own name. Kundrat v. District of

---

[2] The Court in Candido directed Plaintiff to perfect service. "If a party has not complied with the service of process requirements of Rule 4, the Court, by motion or on its own initiative, has the power to either dismiss the plaintiff's claims or 'direct that service be effected within a specified time.' Fed. R. Civ. P. 4(m)." Candido, 2007 U.S. Dist. LEXIS at 41-42, *citing* Prudential Fin., 332 F. Supp. 2d at 89 (court exercised its discretion and ordered the plaintiff to remedy the defective service rather than dismissing the claim where there was no indication that allowing the plaintiff to perfect service would unduly prejudice the defendant).

6

Columbia, 106 F. Supp. 2d 1, 11 (D.D.C. 2000).  In general, "if a department or agency of a municipality is not a corporate body, it cannot be sued as such." Id.  Both federal and state courts of the District of Columbia have consistently applied this rule to dismiss claims against governmental agencies or departments of the District of Columbia.  Id.

In ruling that the Superior Court was *non suis juris*, the Court in Kundrat went so far as to say that there is "overwhelming weight of precedent in this Circuit which holds that 'in the absence of explicit statutory authorization, bodies within the District of Columbia government are not suable as separate entities.'" Id. at 19, *citing* Milliner v. D.C., 1993 WL 837384, 1 (D.D.C. 1993); *See also* Trifax Corp. v. District of Columbia, 53 F. Supp. 2d 20 (D.D.C. 1999) (government agencies the Office of the Inspector General, the Department of Health, the Department of Administrative Services, and the Department of Human Services are *non sui juris*, and must be dismissed as parties), and Thompson v. District of Columbia, 1980 U.S. Dist. LEXIS 11452 (1980) (because Congress did not authorize the court to be sued by explicit language or by implication, the Superior Court is not a suable entity and defendant's motion to dismiss was granted).  Plaintiff's complaint against the Superior Court for the District of Columbia must be dismissed because this defendant is *non suis juris*.

WHEREFORE, for the foregoing reasons, Defendants respectfully request this Honorable Court to dismiss the complaint.

                                          Respectfully submitted,

                                          LINDA SINGER
                                          Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division


                    ___/s/ Ellen A. Efros_____
                    ELLEN A. EFROS [250746]
                    Chief, Equity I Section
                    Civil Litigation Division


                    __/s/ Jayme B. Kantor_____
                    Jayme B. Kantor [488502]
                    Assistant Attorney General
                    441 4th Street, N.W.
                    6th Floor South
                    Washington, D.C. 20001
                    P(202) 724-6627
                    F(202) 727-3625

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PETER ROSE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 1:07-cv-00926** |
| v. ) | **Judge: Richard W. Roberts** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| **SUPERIOR COURT OF THE** ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____) | |

## ORDER

Upon consideration of Defendants' Motion to Dismiss, Plaintiffs' opposition thereto, and the entire record herein, it is by the Court this _____ day of _____, 2007,

ORDERED: that the Defendants' Motion is GRANTED, and it is further

ORDERED: that the Plaintiff's Complaint is hereby DISMISSED, with prejudice.

_____
Judge Richard Roberts

Copies to:

Jayme Kantor, Esq.
Assistant Attorney General
Office of the Attorney General for the District of Columbia
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

Bernard Solnik, Esq.
11 N. Washington Street
Suite 640
Rockville, MD 20850

# Exhibit 1

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**OFFICE OF THE ATTORNEY GENERAL**



**ATTORNEY GENERAL**

Office Order No. 2005-19

SUBJECTS: Designation of employees authorized to receive service of process on behalf of the Attorney General for the District of Columbia.

Pursuant to Reorganization Order No. 50 of June 26, 1953, as amended, the following employees in the Civil Litigation Division, Office of the Attorney General for the District of Columbia, are designated to receive service of process on behalf of the Attorney General (formerly the Corporation Counsel) when service is required to be made on the Attorney General or the District pursuant to Rule 4(j) of the Civil Rules of the Superior Court or pursuant to Mayor's Order:

> Darlene Fields, Secretary
> Tonia Robinson, Legal Assistant
> Gale Rivers, Secretary

In the absence of these three individuals, the Deputy or the Assistant Deputy of the Civil Litigation Division may also accept service of process.

An employee receiving service of process pursuant to this Order shall note the time and date of receipt on the document, and shall forward all papers served on the employee to the Civil Litigation Division for docketing.

This Order will take effect immediately and supersedes all previous Orders, including Office Order No. 4-91 (May 17, 1991), to the extent of any inconsistency.

Robert J. Spagnoletti
Attorney General

Dated this 6th day of June, 2005

# Exhibit 2

# Government of the District of Columbia
## Office of the Secretary of the District of Columbia



Dr. Stephanie D. Scott
Acting Secretary of the District of Columbia

**MEMORANDUM**

**TO:** Mr. George Valentine
Deputy Attorney General
Civil Litigation Division
Office of the DC Attorney General

**FROM:** Dr. Stephanie D. Scott
Acting Secretary of the District of Columbia

**DATE:** January 16, 2007

**SUBJECT:** Designation of Staff to Handle/ Accept Legal Correspondence
(Summons, Subpoenas, Civil Actions)

In accordance with Mayor's Order 2004-77, dated May 14, 2004, the memorandum serves to notify the Office of the Attorney General that the employees named below are, herewith, designated to received legal correspondence on behalf of the Mayor/Secretary of the District effective January 12, 2007.

- Tabatha Braxton, Staff Assistant, Office of the Secretary
- Arlethia Thompson, Executive Assistant, Office of the Secretary
- Erica Easter, Chief of Staff, Office of the Secretary

Should you have any questions, please do not hesitate to contact me. I can be reached at (202) 727-6306.

Cc: The Mayor's Correspondence Unit
Peter Nickels, General Counsel to the Mayor
Linda Singer, Attorney General

1350 Pennsylvania Avenue, NW, Suite 419, Washington, DC 20004 (202) 727-6306