UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER ROSE<br><br>      Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA<br>and<br>DISTRICT OF COLUMBIA<br>and<br>SUPERIOR COURT OF THE DISTRICT OF COLUMBIA<br>and<br>FEDERAL BUREAU OF INVESTIGATION<br><br>      Defendants. | Case : 1 :07-cv-00926 (RWR)<br>Hon. Richard W. Roberts |

**OPPOSITION TO DEFENDANTS'
DISTRICT OF COLUMBIA AND SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA MOTION TO DISMSS THE COMPLAINT**

COMES NOW THE Plaintiff, Peter Rose, by and through undersigned counsel, and in support of his above-entitled opposition, states as follows:

1. Fed. R. Civ P. Rule 4 and SCR Rule 4 only require that the summons, complaint and other initial papers be mailed to the Mayor and The Corporation Counsel of the District of Columbia.[1] These Rules do acknowledge that these offices may designate certain particular staff to receive such papers, but the Rules do not require that such mailing actually be received only by these certain individuals. Thus, the Government's motion should be denied.

2. Further, the cases relied upon by the Government for the contention that service upon a receptionist or secretary may be deficient service all involve service on *private* entities. The rules for service on private entities are stated separately within Fed. R. Civ. P. 4 and SCR 4 from the rules for service on public entities, because private party defendants are entitled to a higher threshold for what constitutes valid service, since their personnel are not working for a public defendant who is being sued by one of its own constituents.

BERNARD A. SOLNIK

ATTORNEY AT LAW
SUITE 640
11 N. WASHINGTON ST.
ROCKVILLE, MD 20850

TELEPHONE 301-294-9200

---

[1] The Rule still refers to the Corporation Counsel, even though that office is now known as the D.C. Attorney General.

3. In the case at hand, the persons who signed the return receipt cards did so in their capacity as public employees whose jobs are to serve their public by, among other things, receiving mail on behalf of the Mayor and Attorney General. Not only did they do so, but by so doing the purpose of service was clearly achieved, as evidenced by the fact that the Government's motion was signed by the Attorney General, whose responsibility includes representing the Government in lawsuits against the Government.

4. If, however, the Court finds service was deficient, Plaintiff requests that, per the *Candido* case cited by Government in its motion, this case not be dismissed and Plaintiff instead be provided an opportunity to remedy the defective service. To that end, Plaintiff has already sent the Court clerk a request to reissue summonses.

5. Lastly, Plaintiff notes that, while the Government's motion does not seek dismissal with prejudice, its proposed Order does seek dismissal with prejudice. As evidenced by *Candido*, such a dismissal is inappropriate, particularly since any defect in service can easily be remedied. Moreover, the Government offers no basis or authority for the notion that dismissal with prejudice is appropriate, whereas such a disposition would be a gross injustice to the Plaintiff and, given the Constitutional issues raised in the Complaint, an injustice to all citizens.

WHEREFORE, Plaintiff respectfully requests that the Defendants' motion be denied and for such other and further relief as Plaintiff's cause may require.

Respectfully submitted,

 /s/ Bernard Solnik
Bernard A. Solnik, Esq. (D.C. Bar #448453)
11 N. Washington Street, Suite 640
Rockville, MD 20850
Tel. 301-294-9200
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of August 2007 a copy of the foregoing document was electronically served upon Jayme Kantor, Assist. Attorney General, Office of the Attorney General for the District of Columbia, 441 4th St., NW, 6th Floor, Washington, DC 20001.

 /s/ Bernard Solnik

BERNARD A. SOLNIK
ATTORNEY AT LAW
SUITE 640
11 N. WASHINGTON ST.
ROCKVILLE, MD 20850
TELEPHONE 301-294-9200

2