## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PETER ROSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 1:07-cv-00926** |
| **v.** | ) | **Judge: Richard W. Roberts** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **DISTRICT OF COLUMBIA,** | ) | |
| **SUPERIOR COURT OF THE** | ) | |
| **DISTRICT OF COLUMBIA,** | ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S
## OPPOSITION TO MOTION TO DISMISS

The District of Columbia, by its attorney, the Office of the Attorney General for

the District of Columbia, herein replies to Plaintiff's Opposition to Defendant's Motion

to Dismiss the Complaint as follows:

1.      SCR-Civil 4(j) dictates service upon the District of Columbia, and while it

does reference Rule 4(c)(3) (service via certified mail), such service must still comply

with all other provisions of Rule 4.  If service is attempted via registered or certified mail,

which is permitted under Rule 4(c)(3), "the return shall be accompanied by the signed

receipt attached to an affidavit."  SCR-Civil 4(l)(2).  According to the Rule, "if the return

receipt *does not purport to be signed by the party named in the summons*," the affidavit

also must include "specific facts from which the Court can determine that the person who

signed the receipt meets the *appropriate qualifications for receipt of process* set out in subdivisions (e) through (j) of this Rule." *Id.* (emphasis added).  No such attestation accompanied Plaintiff's return service.

Here, Plaintiff has failed to properly serve the Mayor's Office and the Office of the Corporation Counsel, now Office of the Attorney General, because he failed to serve the proper designees.  *See* Defendant's Motion to Dismiss Exhibits 1 and 2, which lists the proper designees.

2.     Plaintiff's argument that the rules of service on a public entity do not require service on designated, authorized agents of the District because they are "public employees whose jobs are to serve the public by, among other things, receiv[e] mail on behalf of the Mayor and Attorney General" not only contradicts the rules of service of process, but is not supported by any case law in Plaintiff's opposition.  *Plaintiff's Opposition* ¶ 3.  If anything, a designated, authorized agent for the acceptance of service of legal process would be even more critical in a massive public office where all sorts of mailings come in.  Plaintiff cites no authority to support his argument that he need not strictly comply with the rules of service of process.

Rule 4(j) specifies that "service upon an officer or agency of the District of Columbia shall be made by delivering…a copy of the summons, complaint and initial order to the Mayor (or designee), the Corporation Counsel (or designee), and such officer or agency." SCR-Civil 4(j).  Thus, if the Adrian Fenty and Linda Singer do not themselves sign the certified return receipt, it is the Plaintiff's obligation to attest to facts showing that the mailings were received by *official designees* for service of process.  *See Freeman v. Fallin*, 210 F.R.D. 255, 256 (D.D.C. 2002) ("If the return receipt is not

signed by the intended defendant, the affidavit accompanying the receipt must provide the court with specific facts from which it can determine that the signatory 'meets the appropriate qualifications for receipt of process' - namely, is a person of suitable age and discretion residing at the individual's place of residence, or is an agent authorized to receive process."), *citing* SCR-Civil Rules 4(l)(2), 4(e)(2) and *citing Lennon v. McClory*, 3 F. Supp. 2d 1461, 1462 (D.D.C. 1998).

3.      Dismissal is warranted for lack of service of process.  While the general rule is that "courts generally dismiss cases where a plaintiff fails to effect proper service," it is also recognized that *pro se* litigants "'are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.'" *Lindsey v. United States*, 448 F. Supp. 2d 37, 47 (D.D.C. 2006), quoting *Moore v. Agency for Int'l Dev*., 301 U.S. App. D.C. 327 (D.C. Cir. 1993).  Plaintiff is not *pro se*, which is all that could arguably afford him the relief from strict compliance that he desires.

4.      Defendant continues its assertion that the Superior Court is *non suis juris* and to the extent Plaintiff fails to respond to this ground for dismissal, the Superior Court should be dismissed as a defendant in this lawsuit.


        WHEREFORE, Defendant respectfully requests this Honorable Court dismiss Plaintiff's complaint for the foregoing reasons and the reasons stated in Defendant's Motion to Dismiss.

                        Respectfully submitted,

                        LINDA SINGER
                        Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/ Ellen A. Efros_____
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division


____/s/  Jayme B. Kantor_____
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625