## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

PETER ROSE,                                      )
                                                 )
    **Plaintiff,**                            )
                                                 )          **Case No.: 1:07-cv-00926**
    **v.**                                   )          **Judge: Richard W. Roberts**
                                                 )
UNITED STATES OF AMERICA,                        )
DISTRICT OF COLUMBIA,                            )
SUPERIOR COURT OF THE                            )
    DISTRICT OF COLUMBIA,                    )
FEDERAL BUREAU OF INVESTIGATION,                 )
                                                 )
    **Defendants.**                          )
                                                 )
_____)

### DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR, IN
### THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

    The District of Columbia (hereinafter "Defendant"), by its attorney, the Office of

the Attorney General for the District of Columbia, move to dismiss the complaint

pursuant to Fed.R.Civ.P. 12(b)(6).  Alternatively, Defendant moves for summary

judgment on the grounds that Plaintiff fails to allege a genuine issue of material fact and

Defendant is entitled to judgment as a matter of law.  Defendant further moves for

dismissal of the Superior Court of the District of Columbia as a defendant because it is

*non suis juris.*[1]  In support hereof, Defendant state:

        1.   Plaintiff's Rights Have Been Litigated in the D.C. Superior Court and

           the D.C. Court of Appeals.

---

[1] Defendant's pending motion to dismiss the District of Columbia Superior Court as *non suis juris* is incorporated as if fully restated herein.  Plaintiff has not filed an opposition on those grounds and Defendant would move the Court to treat the pending motions to dismiss as to the District of Columbia Superior Court as conceded and dismiss said named defendant from this lawsuit.  This motion will be filed forthwith.

2. A Motion to Seal is a Civil Proceeding and the Constitutional

Protections Afforded the Criminally Accused Do Not Apply.

3. Rule 118 Was Constitutional as Applied to Plaintiff.

WHEREFORE, the District of Columbia respectfully request this Honorable Court

dismiss the complaint or, in the alternative, grant summary judgment in favor of

Defendant District of Columbia.  Attached are a Memorandum in Support of this motion,

a Statement of Material Facts Not in Dispute ("SOMF"), accompanying exhibits, and

proposed alternative orders.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


____/s/ Ellen A. Efros _____
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division


___/s/ Jayme B. Kantor _____
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

PETER ROSE,                                    )
                                               )
        Plaintiff,                             )
                                               )      Case No.: 1:07-cv-00926
        v.                                     )      Judge: Richard W. Roberts
                                               )
UNITED STATES OF AMERICA,                      )
DISTRICT OF COLUMBIA,                          )
SUPERIOR COURT OF THE                          )
        DISTRICT OF COLUMBIA,                  )
FEDERAL BUREAU OF INVESTIGATION,               )
                                               )
        Defendants.                            )
                                               )
_____)

MEMORANDUM IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT

**Introduction**

Plaintiff's case is simply another attempt to re-litigate the initial denial of his Rule

118 motion to seal his record of arrest and the appellate affirmation of such.  *See Rose v.*

*United States*, 879 A.2d 986 (D.C. 2005).  Although Plaintiff couches his claim here as a

constitutional challenge to the rule governing the sealing of arrest records, statutory and

case law are clearly against him.  The movant may be entitled to have his arrest record

sealed if he proves either of two scenarios: 1) that the offense for which the movant was

arrested did not occur, or 2) that the movant did not commit the offense (mistake in

identity).  SCR-Criminal 118(e).[2]  Plaintiff seems to have only proceeded on the ground

of "actual innocence."  This argument was unsuccessful at Plaintiff's hearing on the

motion to seal, it was unsuccessful on the appeal thereof, and it cannot now be disguised

as a constitutional claim for Plaintiff to try again.

## I.    Statement of Facts

Plaintiff was arrested on January 21, 1999 by the United States Park Police on a

warrant regarding an incident that occurred a few days before.  *Plaintiff's Complaint*, ¶ 7,

*SOMF*, ¶ 1-2.  Plaintiff was alleged to have assaulted a cab driver and taken his car keys.

*Id*.  Initially, Plaintiff was charged with robbery, but after a finding that the Government[3]

lacked probable cause, he was charged with simple assault and taking property without

right.  *SOMF*, ¶ 3-4.  The case stood in a trial posture for some time, was placed on the

stet docket, and then the Government entered a *nolle prosequi* on the remaining charges

on March 9, 2001.  *Id*. at ¶ 6.  That ended the prosecution of Plaintiff's case.

Plaintiff moved to seal his record of arrest pursuant to SCR-Criminal 118 on July

11, 2001.  *Id*. at ¶ 7.  The Government filed an opposition and the Court denied the

Motion to Seal in December, 2001.  *Id*. at ¶ 7-8.  This was "bite one" at the apple.

Plaintiff then filed a Motion for Reconsideration and included several affidavits, which

he had not included with his original motion.  *Id*. at ¶ 9.  The Government opposed the

Motion for Reconsideration, but agreed that Plaintiff's motion should be heard.  *Id*.

---

[2] In May of 2007, D.C. Code § 16-802 took effect. It governs how an arrest record may be sealed.  The
standard of proof for a person moving to have his arrest record sealed of an eligible offense on the grounds
of actual innocence within four years of the termination of prosecution is now by a "preponderance of the
evidence."  Beyond four years, movant must prove actual innocence by "clear and convincing evidence."
[3] By "Government," Defendant refers to the United States Attorney's Office because the District of
Columbia is not the prosecuting government agency for the charges against Plaintiff.  D.C. Code § 23-101.
The District has no control or authority over the United States Attorney's Office prosecution files.

Beginning in June of 2002, the Superior Court held six hearings on the Motion for Reconsideration. *Id*. at 9-10. In November of 2002, Judge Dorsey denied Plaintiff's Motion for Reconsideration. *Id*. This was "bite two." Plaintiff filed yet another Motion for Reconsideration on December 3, 2002, the Government opposed, and Judge Dorsey denied his motion in a written order on January 9, 2003. *Id*. at ¶ 11. This was "bite three." After a change in defense counsel,[4] Plaintiff moved the Court to re-enter Judge Dorsey's order denying his motion for reconsideration because Plaintiff did not timely file his notice of appeal. The order was re-entered in May of 2003, so as to start Plaintiff's time anew to file his appeal. *Id*. at ¶ 12. This was "bite four" – a partial victory for Plaintiff because he had actually missed his chance to appeal, but was able to get additional time. After other filings (which were some smaller "bites" at the apple), Plaintiff finally noticed his appeal on April 19, 2004.

Plaintiff lost on appeal when the Court affirmed Judge Dorsey's denial of Plaintiff's Motion to Seal. *Rose v. United States*, 879 A.2d 986 (D.C. 2005). This was "bite five." Plaintiff further filed a petition for rehearing or for rehearing *en banc* with the Court of Appeals and even brought the same constitutional challenge he raises in the instant proceeding before the Court of Appeals at that time. *See SOMF*, Exhibits 2 and 6. The constitutional attack on SCR-Criminal Rule 118 in Plaintiff's August 2005 Petition for Rehearing is recited almost verbatim in the instant complaint. *Cf Plaintiff's Complaint* with *SOMF* Exhibit 6. The Court of Appeals of the District of Columbia denied the petition for rehearing or rehearing *en banc*. *SOMF,* Exhibit 7. Plaintiff now brings this suit to again challenge the constitutionality of Rule 118, but in a different

---

[4] For purposes of this motion, Peter Rose is referred to as "Plaintiff;" however, in the proceedings underlying this lawsuit, he was the criminal defendant and appellant.

forum. Plaintiff's ability to keep biting away at the same apple should not be condoned by this Court.

## II.    Standards of Review for Motion to Dismiss and Summary Judgment

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a court must accept the allegations in the complaint as true. *See, e.g.*, *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999). The Supreme Court recently reviewed the long line of cases interpreting Rule 12(b)(6) and revised the standard for complaints. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires Plaintiff to "provide the 'grounds' of his 'entitlement to relief'" with facts that are neither "labels and conclusions" nor "formulaic recitation of the elements of the cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (partially overruling *Conley v. Gibson*, 355 U.S. 41, 45 (1957) regarding its 12(b)(6) analysis of the standard for plaintiffs' complaints). Plaintiff must assert facts that "raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.

In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) [*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)]. Moreover, while the court "must assume the truth of all statements proffered by the party opposing summary judgment," it need not consider wholly conclusory statements for which no supporting evidence is offered. *Greene v. Dalton*, 164 F.3d 671, 674–75 (D.C. Cir. 1999).

Thus, a motion to dismiss pursuant to Rule 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, Plaintiff's right to relief does not rise above a speculative level. *Twombly*, 127 S. Ct. at 1965. Here, viewing the allegations of the complaint in the light most favorable to Plaintiff, the facts do not provide grounds for the entitlement to relief Plaintiff seek. At best, his recitation depicts instances of embarrassment and delay, but nothing that amounts to the deprivation of a fundamental right. *Plaintiff's Complaint*, ¶ 13 (denial of access to White House in front of clients, delay in processing his security clearance, etc…). Plaintiff's only allegation of a deprivation is his disqualification from the "Transportation Security Administration Registered Traveler Pilot Program." There is, however, absolutely no fundamental right to have one's airport screening "expedited," and Plaintiff does not state there was any denial of travel. *Id.*

Plaintiff does not state any facts which support his claim that he has suffered some deprivation of a constitutional right. Thus, Defendant can only speculate as to the basis of Plaintiff's constitutional claim, which is insufficient to meet Plaintiff's burden of pleading. *Twombly*, 127 S. Ct. at 1965

Alternatively, Defendant asserts that summary judgment should be entered in its favor in accordance with Fed.R.Civ.P. 56(c). Summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* Only disputes as to material facts, or facts that might significantly affect the outcome of a suit under governing law, preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986). In other words, it is insufficient, to avoid summary judgment that some factual issues

remain in the case; an issue must be both *genuine* and *material* to preclude the entry of summary judgment. *Id.*

If a court considers materials outside the pleadings in a ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(b); *see also Haase v. Sessions*, 835 F.2d 902, 905–906 (D.C. Cir. 1987). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "complete failure of proof concerning an essential element of the non-moving party's case necessarily renders other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Defendant is entitled to summary judgment if it can demonstrate Plaintiff's inability to prove any of the required elements of his case. *Id.* at 321-322. Mere allegations or denials are insufficient to defeat a proper summary judgment motion. Rather, Plaintiff bears the affirmative burden to present, by affidavits or other means, *specific facts* showing that there is a genuine issue for trial. *Id.* at 248-49. The adverse party must do more than "show there is some metaphysical doubt as to material facts." *Matsushita Elec. Industries v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Here, there are no issues of material fact. All Plaintiff attempts to do in the instant proceeding is re-litigate his previous motion to seal hearing (based on whether or not he assaulted a cab driver), an issue already determined by the Superior Court and the Court of Appeals in Plaintiff's criminal case. There are no disputed facts regarding the

circumstances giving rise to this instant lawsuit. The only issue here, and also raised by Plaintiff before the Court of Appeals, is a matter of law – whether SCR-Criminal 118 is constitutional.

## III.    ARGUMENT

Plaintiff is attempting to obtain from this Court what he could not get from the D.C. Superior Court and the D.C. Court of Appeals – expungement. Plaintiff's complaint is void of any facts or nexus of facts to alleged violations sufficient to put the Defendants on notice of what exactly he is claiming to be a constitutional violation and, instead, only seeks to re-litigate his original Rule 118 Motion to Seal. Although Plaintiff states that Rule 118 places the burden on him to prove innocence in order for his arrest record to be sealed, he calls this burden of proof a Fifth Amendment Due Process violation. *Plaintiff's Complaint*, ¶ 14. As demonstrated below, an artfully phrased, but legally deficient pleading, does not suffice to sustain Plaintiff's claim.

Plaintiff was arrested in 1999 – this is undisputed. The charges were pending for nearly a year and were dropped before trial, but Plaintiff would have the Court believe that he never had his day in court. In reality, Plaintiff has litigated his case numerous times in attempting to have his record of arrest sealed, including multiple days of testimony in his hearing on the motion to seal spanning roughly six months.[5] Plaintiff was unable to prove that the offense for which he was arrested did not occur.[6] Indeed, even a cursory review of the proceedings of Plaintiff's criminal case demonstrates that he

---

[5] *See* Court of Appeals file for 2004-CO-434.

[6] Although it was not a matter discussed in the criminal proceedings, Rule 118 requires that actual innocence cover any offense – whether it was the one the movant was arrest for or whether it was another offense that movant committed at the time. *See Villavicencio v. United States*, 755 A.2d 436 (2000). Failure to Pay Cab Fare is a criminal offense and the record below indicates that Plaintiff departed the cab prior to his destination and there had been no mention by Plaintiff or by the victim in the criminal proceedings that Plaintiff ever tendered fare. This matter was not raised in any of the briefing and is only mentioned for the purpose of providing the context of proving actual innocence of an offense.

was given far more than his *due* process. This Court should not permit Plaintiff to now repackage his exhausted Motion to Seal as a constitutional challenge to the statute. Rule 118 is constitutional on its face and was constitutionally applied to this Plaintiff.

### A. Plaintiff's Rights Have Already Been Litigated in the D.C. Superior Court and the D.C. Court of Appeals.

Plaintiff's claim for the relief of expungement has been litigated time and again in the trial Court and appellate Court, both following precedents that uphold Rule 118's burden of proof as constitutional. Furthermore, Rule 118 was upheld as applied to this Plaintiff. This Court lacks subject-matter jurisdiction to hear the same claim Plaintiff made in the D.C. Courts. To the extent that Plaintiff now comes to the United States District Court with the same question of law, the doctrines of *res judicata* and collateral estoppel prevent him from claiming any constitutional deprivation and arguing that he did not receive due process of law.

#### 1. *This Court Lacks Subject-Matter Jurisdiction*

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923)). *Rooker-Feldman* applies to state courts' interlocutory decisions, as well as final decisions. *Richardson*, 83 F.3d at 1515 (citations omitted); *Feldman*, 460 U.S. at 486 (federal district courts lack jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Because Plaintiff's claim here

is a transparent attempt to appeal the denial of his motion to seal, this Court would ultimately be reviewing a judicial decision made by the D.C. Court of Appeals, which is beyond this Court's jurisdiction.  Although Plaintiff now states he is only challenging the constitutionality of the statute under which he was denied relief, Plaintiff's instant complaint is a nothing more than a challenge to the prior decisions denying his motion to seal with a constitutional challenge label slapped over it.  This is clear from the near identical language of the complaint to his final effort to appeal the decision of the Superior Court.  *Cf. Plaintiff's Complaint* with *SOMF* Exhibit 6.

        2.      *Even If This Court Has Subject-Matter Jurisdiction, Plaintiff's Claim is Still Precluded.*

The constitutionality issue was "actually and necessarily litigated" by the D.C. Courts' following of untarnished precedent which has found that the constitutional rights afforded a criminal defendant do not apply to a motion to seal hearing because the relief sought is equitable and it is, therefore, a civil proceeding. *Rose v. United States*, 879 A.2d 986, 989-90 (D.C. 2005), *citing District of Columbia v. Hudson*, 404 A.2d 175, 179 (D.C. 1979).  Further, Plaintiff still wants the same relief he sought in the criminal matter – the sealing of his arrest record.  "'Judicial decisions under Rule 118 constitute findings of fact,' and are therefore reviewed for clear error."  *Rose*, 879 A.2d at 990, *quoting District of Columbia v. Davis,* 811 A.2d 800, 802 (D.C. 2002).  Plaintiff ultimately wants identical relief to that which he could not obtain from the D.C. courts.

Both *res judicata* and collateral estoppel are applicable here.  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that

decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citations omitted), *followed by San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323 (2005).

Plaintiff and the Government presented evidence in six months of hearings on the merits of Plaintiff's Motion to Seal his arrest record. The Superior Court, as affirmed by the District of Columbia Court of Appeals, made a factual finding that Plaintiff did not present evidence sufficient to justify the relief sought under either a "clear and convincing" standard or even a "preponderance of the evidence" standard. *Rose*, 879 A.2d at 989. Plaintiff had a full and fair opportunity to litigate his claim to its fullest extent at every stage of the motion to seal. His challenge to the burden of proof – "clear and convincing" versus "preponderance of the evidence" – was already litigated. He could have raised his constitutional claim during the course of the motion to seal hearings and, in fact, did so in his petition for rehearing en banc. The Court of Appeals denied his petition, including the constitutional claims Plaintiff made then and makes now. Such claims must be considered to have been fully litigated in the context of his motion to seal and his appeal therefrom before the Court of Appeals.

**B.    A Motion to Seal is a Civil Proceeding and the Constitutional Protections Afforded the Criminally Accused Do Not Apply**

Only in a criminal trial is a defendant afforded the presumption of innocence until proven guilty beyond a reasonable doubt. *Blunt v. United States*, 322 A.2d 579, 584 (D.C. 1974) ("The presumption of innocence…has never been applied to situations other

than the trial itself."). A Rule 118 motion is a civil proceeding and Plaintiff is not afforded the same rights as a defendant in a criminal trial. *Burns v. United States*, 880 A.2d 258, 260 (D.C. 2005) ("Although the proceeding considers whether a criminal offense has been committed, because the movant seeks equitable relief, the proceeding is ultimately civil in nature and the protections afforded the accused in a criminal proceeding do not pertain."). Plaintiff is not afforded the constitutional protection that he argues he is entitled to and, thus, Rule 118 is constitutional.

Plaintiff claims that he "has suffered great damage to his life, liberty and property due to the record of his arrest" and has been deprived of such "life, liberty and property rights without due process of law." *Plaintiff's Complaint*, ¶ 14. However, Plaintiff's depiction of "deprivation" is, at best, instances of episodic embarrassments and nothing more. *Id.* at ¶ 13. He has not claimed an actual constitutional right infringed upon – his complaint merely cites instances of embarrassment and delays, but no loss of life, liberty or property rights. Indeed, the D.C. Court of Appeals rejected the very argument that issues regarding the sealing of arrest records implicated privacy or liberty interests. *Dawkins v. United States*, 535 A.2d 1383, 1386 n.3 (D.C. 1988), *citing Paul v. Davis*, 424 U.S. 693, 701 (1976) (reputation alone is insufficient to invoke the procedural protection of the Due Process Clause). Moreover, Plaintiff's argument that he was deprived of Due Process, although the civil proceeding of a motion to seal does not require such, is impossible to swallow in light of the fact that Plaintiff actually had a full evidentiary hearing on his motion to seal. His claim that he is entitled to the same constitutional protection afforded the accused of innocence until proven guilty is baseless.

Rule 118's burden of proof has been repeatedly upheld by the District of Columbia Court of Appeals. *District of Columbia v. Hudson (Hudson I)*, 404 A.2d 175 (D.C. 1979); *District of Columbia v. Hudson (Hudson II)*, 449 A.2d 294 (D.C. 1982); *Dawkins*, 535 A.2d 1383; *Teachey*, 736 A.2d 998; *Rezvan v. District of Columbia*, 582 A.2d 937 (D.C. 1990); *Sepulveda-Hambor v. District of Columbia*, 885 A.2d 303 (D.C. 2005). Indeed, *Hudson I* considered the exact same question Plaintiff presents – that the burden should be on the Government to show that "the arrestee committed the crime for which he was arrested or else the notation of his arrest should be obliterated." *Hudson I,* 404 A.2d at 179, n.6. The Court specifically declined to shift this burden to the Government because a motion to seal hearing is not a criminal proceeding. *Id*. Thus, the very constitutional challenge that Plaintiff seeks to raise has already been presented and rejected. Plaintiff presents no legal argument to justify a deviation from precedent. The trial court found that Plaintiff failed to satisfy the burden of proof for his motion – this is not a novel issue and fits squarely within the trial court's job to weigh the evidence before it and make a ruling on the motion, which was affirmed on Plaintiff's appeal of that decision. Plaintiff had his "due process," appealed its outcome and lost, and now seeks to try again in a different court.

## C.       Rule 118 Was Constitutional as Applied to Plaintiff.

Plaintiff moved to have the record of his arrest sealed, an equitable remedy, and bore the burden of proof as the moving party. At the time Plaintiff moved to have his arrest record sealed, his burden of proof was "clear and convincing" evidence. Judge Dorsey and the Court of Appeals both found that he failed to meet this burden. Further,

Judge Dorsey said that even if his burden were only that of a "preponderance of the evidence," that would not have worked either because he just did not believe Plaintiff's account of the facts and circumstances underlying his arrest.  *Rose*, 879 A.2d at 989.

Because Plaintiff was not satisfied with the "clear and convincing standard," nor did he acknowledge Judge Dorsey's opinion that Plaintiff could not even get to "preponderance," Plaintiff essentially requests this Court to have no standard whatsoever for having arrest records sealed other than the movant not be convicted.  Plaintiff's Complaint, ¶ 17(b)("… all other persons arrested under the District of Columbia law who were not adjudicated to be guilty… entitled to have all records…either destroyed or modified to remove any information that could possibly connect the arrestee's identity to the record."). This suggestion is preposterous for many reasons.  It contravenes the essence of law enforcement and criminal justice by failing to consider a multitude of reasons for which a case may be terminated prior to a conviction.[7]  It ignores someone with a lengthy criminal record of arrests for dangerous offenses such that police may have warning to proceed with caution.  Plaintiff's suggested "standard" for sealing is also troublesome for yet another reason – it erases something that in fact occurred and effectively condones perjury when one is asked, "have you ever been arrested?" Plaintiff's plea for expungement whenever someone is not adjudicated guilty has no basis in law and ignores the valid law enforcement purposes served by arrest records.

    1.      *Arrest Records Serve Valid Law Enforcement Purposes and Circumstances for Sealing Are Very Narrow.*

---

[7] Some examples, though not exhaustive, of reasons a prosecution could be terminated prior to a conviction are: no papered by the prosecuting office, entry of a *nolle prosequi*, completion of pre-trial diversion or community court/deferred sentencing programs, dismissal for want of prosecution (witness no-shows), or perhaps a hung jury that the prosecutor declines to re-try.

Plaintiff's complaint here and the relief sought flies in the face of legal precedent as to the purpose of arrest records. For example, the Court in *Hudson I* noted several potential uses for records of arrest, including release condition determinations, parole matters, plea bargaining and sentencing. *Hudson I*, 404 A.2d at 178, *citing Villines v. United States*, 312 A.2d 304 (D.C. 1973)(prior arrests proper to consider in deciding pretrial release and release pending appeal), *Wyatt v. United States Parole Comm'n*, 571 F.2d 1089 (9th Cir. 1977)(prior criminal record appropriate to consider in parole determination).

Plaintiff's case here is not even as compelling as the two cases that the Court in *Hudson I* declined to find appropriate to seal. In one case, the prosecutor did not file formal charges because he thought that the defendant presented a credible story. *Hudson I*, 404 A.2d at 178. Here, formal charges were filed against Plaintiff. In another case, the government entered a *nolle prosequi* because the government's witnesses could not be located. *Id*. Here, the government's witness was available. Clearly, Plaintiff's claim does not align with either of these scenarios. Further, the cases in *Hudson I* of the defendant's whose records were not sealed did not contain concessions by the Government that there was either no crime committed or it was not the defendant who committed the crime. *Id*. The Court held that "in the absence of such a governmental concession, the movant in the trial court for equitable relief bears the burden of proving that the notation of arrest, which memorializes the arresting officer's perception connecting him with a particular crime, is erroneous." *Hudson I*, 404 A.2d at 179.

As in the *Hudson* cases above, the Government in Plaintiff's case never conceded that there was no basis to maintain the record of Plaintiff's arrest. To the contrary, the

Government vehemently opposed Plaintiff's motion to seal at every stage. *See SOMF* Exhibit 2, Appellate Docket Sheets at 2004 CO 434. Thus, the burden was Plaintiff's to bear. *Hudson I*, 404 A.2d at 179. The Court found that the facts did not support Plaintiff's argument that no crime was committed. Judge Dorsey did not believe Plaintiff's testimony that he took no physical action against the victim. *Rose*, 879 A.2d at 989. Plaintiff's arrest record is just like the two *Hudson I* defendants for whom there was no Government concession and should, likewise, remain on the books. His arrest record has an appropriate role in law enforcement because it was an accurate perception of the officer connecting Plaintiff with a particular crime and there is no basis to believe that no crime occurred or that there was a mistake in identity. Here, Plaintiff is doing exactly what the Court in *Twombley* warned against – slapping a formulaic label of a purported "constitutional" claim on what, in reality, is nothing more than another attempt to relitigate his unsuccessful motion to seal.

> 2.    *The Remedy of Record Expungement is Drastic.*

The Court has regarded expungement as a drastic remedy that, in effect, rewrites history. *Teachey v. Carver*, 736 A.2d 998, 1007 (D.C. 1999). "In some measure, expungement conceals the truth and creates a misleading record, for events which actually happened are made to appear not to have happened at all. Such relief has been authorized under narrow circumstances where injustice would otherwise result." *Id*. In order to justify effectively re-writing history by erasing something that actually occurred

– Plaintiff was in fact arrested – the burden is rightfully placed on the person wanting to use that magic eraser.[8]

      WHEREFORE, the District of Columbia Defendant respectfully requests this Honorable Court dismiss the complaint, with prejudice, or grant summary judgment in its favor.

                     Respectfully submitted,

                     LINDA SINGER
                     Attorney General for the District of Columbia

                     GEORGE C. VALENTINE
                     Deputy Attorney General
                     Civil Litigation Division

                     _____/s/ Ellen A. Efros _____
                     ELLEN A. EFROS [250746]
                     Chief, Equity I Section
                     Civil Litigation Division

                     ___ /s/  Jayme B. Kantor  _____
                     Jayme B. Kantor [488502]
                     Assistant Attorney General
                     441 4th Street, N.W.
                     6th Floor South
                     Washington, D.C. 20001
                     P(202) 724-6627
                     F(202) 727-3625

---

[8] Plaintiff fails to note, however, that the legislature has already made it easier for arrestees to expunge their arrests.  D.C. Code § 16-802 governs the standard of proof a movant must meet to have his arrest record sealed on grounds of actual innocence.  If a motion to seal an arrest record for an eligible offense on grounds of actual innocence is filed within four years after the termination of the prosecution, the burden of proof is "by a preponderance of the evidence."  D.C. Code § 16-802(c).

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

PETER ROSE,                              )
                                         )
    **Plaintiff,**                        )
                                         )          **Case No.: 1:07-cv-00926**
        v.                           )          **Judge: Richard W. Roberts**
                                         )
**UNITED STATES OF AMERICA,**            )
**DISTRICT OF COLUMBIA,**                )
**SUPERIOR COURT OF THE**               )
    **DISTRICT OF COLUMBIA,**         )
**FEDERAL BUREAU OF INVESTIGATION,**    )
                                         )
    **Defendants.**                       )
                                         )
_____)

### ORDER

Upon consideration of Defendant District of Columbia's Motion to Dismiss,

Plaintiff's response thereto, and the entire record herein, it is by the Court on this

_____ day of _____, 2007,

    ORDERED:   that Defendant's Motion to Dismiss is GRANTED, and

    FURTHER ORDERED:   that the complaint is DISMISSED with prejudice.


                                    _____
                                      Judge Richard W. Roberts

Copies to:
Jayme Kantor
Office of the Attorney General for the District of Columbia
jayme.kantor@dc.gov

Thomas Rees
United States Attorney's Office
thomas.s.rees@usdoj.gov

Bernard Solnik
Attorney for Plaintiff
bsolnik@solniklaw.com

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PETER ROSE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 1:07-cv-00926** |
| **v.** ) | **Judge: Richard W. Roberts** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| **SUPERIOR COURT OF THE** ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**ORDER**

Upon consideration of Defendant District of Columbia's Motion for Summary

Judgment, Plaintiff's response thereto, and the entire record herein, it is by the Court on

this _____ day of _____, 2007,

ORDERED:   that District of Columbia's Motion for Summary Judgment is

GRANTED; and it is

FURTHER ORDERED:   that judgment is entered in favor of the defendant District

of Columbia on all counts in plaintiff's complaint.


_____
Judge Richard W. Roberts

Copies to:
Jayme Kantor
Office of the Attorney General for the District of Columbia
jayme.kantor@dc.gov

Thomas Rees
United States Attorney's Office
thomas.s.rees@usdoj.gov

Bernard Solnik
Attorney for Plaintiff
bsolnik@solniklaw.com