## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER ROSE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 1:07-cv-00926** |
| v. ) | **Judge: Richard W. Roberts** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| DISTRICT OF COLUMBIA, ) | |
| SUPERIOR COURT OF THE ) | |
| DISTRICT OF COLUMBIA, ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

### DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

The District of Columbia (hereinafter "Defendant"), by its attorney, the Office of the Attorney General for the District of Columbia, submits the following statement of material facts not in dispute in support of the accompanying motion for summary judgment.

1.    On January 16, 1999, Plaintiff[1] entered a taxi cab and had an altercation with the driver. The taxi driver contacted the police and an investigation followed, including a visit with Plaintiff by police at his home the next morning. Exhibit 1, *Peter Rose v. United States*, 879 A.2d 986 (D.C. 2005), copy of opinion.

2.    On January 21, 1999, Plaintiff was arrested by the United States Park Police and presented in Court on the felony complaint with charges of robbery, assault and taking property without right in docket number 1999 FEL 431. Exhibit 2, Court of Appeals Docket Sheets.

---

[1] Plaintiff is referred to as "Plaintiff" only because of the instant lawsuit – in all proceedings giving rise to this action, Plaintiff was the criminal defendant.

3.      Due to continuances caused by Plaintiff's then defense attorney, Plaintiff's preliminary hearing did not occur until April 1, 1999.  At that hearing, the charge of robbery was found to lack probable cause.  Exhibit 3; *See also* Exhibit 2 regarding defense continuances.

4.      On April 6, 2000, the United States Attorney's Office ("Government") filed a misdemeanor information on the charges of simple assault and taking property without right.  Exhibit 3.

5.      On April 7, 2000, Plaintiff was arraigned and entered a plea of "not guilty."  *See* Exhibit 3.  From that point, the case was then on course for trial.  *See generally* Exhibit 2.

6.      On December 5, 2000, Plaintiff's case was put on the "stet docket" and set for a status hearing on March 9, 2001, at which point, the Government entered a *nolle prosequi* and the prosecution terminated.  Exhibit 4.

7.      Plaintiff filed a motion to seal his arrest record pursuant to Rule 118 on July 11, 2001, which was assigned to Judge Dorsey and opposed by the Government.  Exhibit 2, entries on 7/19/01 and 11/30/01.

8.      On December 6, 2001, Judge Dorsey denied Plaintiff's motion to seal.  Exhibit 2.

9.      Plaintiff filed a motion for reconsideration of the denial of his motion to seal in January, 2002, and the Government opposed.  Exhibit 2.  Hearings eventually began on the motion in June, 2002.  Exhibit 2.

10.     Hearings on Plaintiff's motion to seal concluded in November, 2002, and Judge Dorsey denied the motion to seal/motion for reconsideration.  Exhibit 2.

11.     On December 3, 2002, Plaintiff filed a motion to reconsider Judge Dorsey's ruling, which the Government opposed and Judge Dorsey denied on January 9, 2003.  Exhibit 5, Order by Judge Dorsey.

12.     Plaintiff failed to timely notice an appeal and therefore moved the Court to re-enter Judge Dorsey's order denying his motion to reconsider the motion to seal and such was re-entered on May 16, 2003.  Exhibit 2.

13.     Plaintiff appealed the Superior Court opinion denying his motion to seal the record of his arrest and the D.C. Court of Appeals heard argument on February 2, 2005, in *Peter Rose v. United States*, 879 A.2d 986 (D.C. 2005), with an opinion issued on August 4, 2005, that affirmed the Superior Court's denial of Plaintiff's motion to seal. Exhibit 1.

14.     On August 19, 2005, Plaintiff filed a petition for rehearing by the division or for a rehearing *en banc*.  Exhibit 6.

15.     On September 14, 2005, the Court of Appeals, *per curium*, denied Plaintiff's petition for rehearing.  Exhibit 7.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

____/s/ Ellen A. Efros _____
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division

___/s/  Jayme B. Kantor _____
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625

# EXHIBIT 1

Service: Get by LEXSEE®
Citation: 879 A.2d 986

*879 A.2d 986, \*; 2005 D.C. App. LEXIS 408, \*\**

PETER ROSE, APPELLANT, v. UNITED STATES, APPELLEE.

No. 04-CO-434, F-431-99

DISTRICT OF COLUMBIA COURT OF APPEALS

879 A.2d 986; 2005 D.C. App. LEXIS 408

February 2, 2005, Argued
August 4, 2005, Decided

**PRIOR HISTORY:** **[\*\*1]** Appeal from the Superior Court of the District of Columbia. (Hon. Frederick D. Dorsey, Trial Judge).

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant appealed the decision of the Superior Court of the District of Columbia, which denied defendant's motion, made pursuant to D.C. Super. Ct. R. Crim. P. 118, to seal the records of his arrest in January 1999. The government had entered a nolle prosequi to two misdemeanor charges against defendant, namely simple assault and taking property without right.

**OVERVIEW:** Following an evidentiary hearing, the trial court concluded that defendant had not met his burden of proving, by clear and convincing evidence, that he had not committed a crime and thus was not entitled to relief under Rule 118. Defendant contended on appeal that the trial judge erred in applying the wrong legal standard and in failing to consider the possibility that the assault, if committed, was in self-defense. Defendant also claimed that the trial judge abused his discretion in excluding from evidence testimony which would have established his reputation for veracity and for peacefulness. Though the court found some merit to defendant's evidentiary challenge with regard to his assertion of self-defense, the court held that the error was harmless. The court found that conflicting evidence was presented with regard to whether defendant assaulted a cab driver. As such, defendant did not come close to meeting his evidentiary burden of showing innocence by clear and convincing evidence to support sealing the records of his arrest.

**OUTCOME:** The court affirmed the judgment.

**CORE TERMS:** reputation, self-defense, assault, credibility, bias, veracity, truthfulness, peaceful, clear and convincing evidence, cross-examination, attacked, assaulted, movant, introduce evidence, peacefulness, convincing, probative, aggressor, arrest, cab, good order, evidentiary rulings, proffered evidence, preponderance, provocation, admissible, proffered, arrested, happened, rebuttal

## LEXISNEXIS® HEADNOTES ⊟**Hide**

Criminal Law & Procedure > Postconviction Proceedings > Expungement 

Evidence > Procedural Considerations > Burdens of Proof > Clear & Convincing Proof 🔲
   Evidence > Procedural Considerations > Burdens of Proof > Ultimate Burden of Persuasion 🔲

HN1⬇ If a person has been arrested for a criminal offense, but the prosecution is terminated before trial, that person may request to have the arrest records sealed. D.C. Super. Ct. R. Crim. P. 118(a). Such movants are entitled to relief if the court finds by clear and convincing evidence that the offense for which the movant was arrested did not occur or that the movant did not commit the offense. Rule 118(e). Relief may not be granted if it is shown that the movant committed some criminal act, though not necessarily the one originally charged. A person seeking relief under Rule 118 has the burden of showing that no crime had in fact been committed by him at the time of his arrest. Although a Rule 118 proceeding considers whether a criminal offense has been committed, because the movant seeks equitable relief, the proceeding is ultimately civil in nature and the protections afforded the accused in a criminal proceeding do not pertain. The person seeking relief has the ultimate burden of proof to show, by clear and convincing evidence, that he committed no crime. Clear and convincing evidence is that which should produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. More Like This Headnote |
*Shepardize: Restrict By Headnote*

   Criminal Law & Procedure > Trials > Bench Trials 🔲
   Criminal Law & Procedure > Postconviction Proceedings > Expungement 🔲
   Criminal Law & Procedure > Appeals > Standards of Review > Clearly Erroneous Review >
Findings of Fact 🔲

HN2⬇ Judicial decisions under D.C. Super. Ct. R. Crim. P. 118 constitute findings of fact and are reviewed for clear error. A finding of fact in a bench trial is binding on an appellate court unless plainly wrong or without evidence to support it. More Like This Headnote

   Criminal Law & Procedure > Defenses > Self-Defense 🔲
   Criminal Law & Procedure > Appeals > Standards of Review > Plain Error > General Overview 🔲

HN3⬇ Even where an accused maintains that he did not commit an assaultive act, he is still allowed to submit, as an alternative argument, that if the finder of fact disbelieves his factual testimony and finds that he did hit the victim, he is nonetheless not guilty on the theory that he did so in self-defense. More Like This Headnote

   Criminal Law & Procedure > Trials > Burdens of Proof > Prosecution 🔲
   Criminal Law & Procedure > Defenses > Self-Defense 🔲
   Evidence > Procedural Considerations > Objections & Offers of Proof > General Overview 🔲

HN4⬇ In criminal cases, where the burden rests with the government and not the accused, if the sole evidence is the conflicting testimony of the accused and the accuser, the judge is permitted to reject a proffered self-defense argument. More Like This Headnote

   Criminal Law & Procedure > Trials > Judicial Discretion 🔲
   Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > General Overview 🔲
   Evidence > Relevance > Relevant Evidence 🔲

HN5⬇ Relevant evidence is that which makes the existence or non existence of a contested fact more or less probable than it would be without the evidence. To be relevant, the evidence must be related logically to a material fact sought to be proven, and adequately probative of the fact it tends to establish. A trial court's rulings as to relevance, as with other evidentiary rulings, are within the court's

sound discretion and will be upset only upon a showing of grave abuse.  More Like This Headnote

Evidence > Procedural Considerations > Exclusion & Preservation by Prosecutor
Evidence > Testimony > Credibility > Impeachment > Bad Character for Truthfulness > General Overview

HN6 The defendant in a criminal proceeding is generally allowed to raise at trial character traits which are antithetical to the charged offense. That allows admission of evidence concerning abstract qualities which reflect one's general and permanent moral character. Courts enjoy discretion to exclude evidence of the defendant's specific acts or courses of conduct to show that he did not commit the particular act or acts with which he is charged.  More Like This Headnote

Criminal Law & Procedure > Criminal Offenses > Crimes Against Persons > Assault & Battery > Simple Offenses > General Overview
Evidence > Relevance > Character Evidence
Torts > Intentional Torts > Assault & Battery > General Overview

HN7 In civil cases for assault and battery, the general rule is that the character of neither party is an issue and cannot be the subject of attack, unless it is first attacked or supported by the adversary. In a civil action which considers whether an assault has occurred, a litigant who claims that he was not the aggressor may present evidence of his or her peaceful nature, because character is placed in issue by the nature of the proceeding itself.  More Like This Headnote

Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > General Overview
Evidence > Procedural Considerations > Exclusion & Preservation by Prosecutor
Evidence > Testimony > Examination > Cross-Examination > Scope

HN8 Redirect examination is limited to matters which were first raised on cross-examination, to which the opposing party is merely responding on redirect. It may therefore explain, avoid, or qualify the new substantive facts or impeachment matters elicited by the cross examiner. Delineating the proper scope of redirect examination rests within the sound discretion of the trial court and will not be reversed absent a clear showing of abuse.  More Like This Headnote

Evidence > Relevance > Character Evidence
Evidence > Testimony > Credibility > Impeachment > Bad Character for Truthfulness > Opinion & Reputation
Evidence > Testimony > Credibility > Impeachment > Bad Character for Truthfulness > Specific Instances

HN9 A defendant in a criminal proceeding is given wide latitude to place the evidence of his good reputation for truthfulness into evidence, particularly when his credibility is besmirched. Where it is reasonable to conclude that the credibility of the accused may play a determinative role in the jury's decision, it is error to bar competent testimony as to a defendant's reputation for truthfulness. That rule is particular to criminal trials, where the defendant may elect to raise any character trait antithetical to the charged offense, or may assert in proper circumstances a general reputation for honesty, veracity, or being peaceful and law-abiding. A defendant may offer his good character to evidence the improbability of his doing the act charged. Such evidence may take the form of both reputation and opinion. In contrast, a civil litigant may not introduce evidence of his or her veracity until this trait has been directly attacked by the opposing party. Merely presenting a differing version of events is not necessarily considered an attack on the character of the party espousing a contrary version, so as to allow that party to introduce evidence of his reputation for veracity.  More Like This Headnote

Civil Procedure > Appeals > Standards of Review > Plain Error > Miscarriages of Justice 🗎
Civil Procedure > Appeals > Standards of Review > Plain Error > Obvious Errors 🗎
Criminal Law & Procedure > Appeals > Standards of Review > Plain Error > Definitions 🗎

**HN10** Because an issue was not raised at trial, an appellate court reviews for plain error. Plain error is defined as that which is obvious or plain, affects substantial rights, and results in a miscarriage of justice or seriously effects the fairness and integrity of the trial. More Like This Headnote

Civil Procedure > Judicial Officers > Judges > Discretion 🗎
Criminal Law & Procedure > Trials > Examination of Witnesses > Cross-Examination 🗎
Evidence > Testimony > Credibility > Impeachment > Bias, Motive & Prejudice 🗎

**HN11** Bias refers generally to all forms of partiality which may be proven by extrinsic evidence and when a witness has a general willingness or motivation to testify falsely on the stand. Bias or testimonial motivation is always a proper subject of cross-examination and is particularly important where the credibility of the key government witness is the central factor to be weighed by the trier of fact. Partiality, or any acts, relationships, or motives reasonably likely to produce it, may be proved to impeach credibility. A party seeking to introduce evidence probative of bias must first lay a proper foundation which includes a proffer of some facts which support a genuine belief that the witness is biased in the manner asserted. In addition, the attorney must proffer facts sufficient to permit the trial judge to evaluate whether the proposed question is probative of bias. Once such a foundation has been laid, the trial judge has discretion to determine whether the proffered evidence is probative of bias and the proponent has the burden of ultimately showing that the proffered evidence is relevant to bias. More Like This Headnote

**COUNSEL:** Amy A. Wuliger-Knee for appellant.

Jocelyn S. Ballantine, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney, and Lisa H. Schertler, John R. Fisher, and Roy W. McLeese, III, Assistant United States Attorneys, were on the brief, for appellee.

**JUDGES:** Before WAGNER, Chief Judge, and FARRELL and RUIZ, Associate Judges.

**OPINION BY:** RUIZ

**OPINION**

[*988] RUIZ, *Associate Judge*: Appellant challenges the trial court's denial of his motion, made pursuant to Criminal Rule 118, to seal the records of his arrest in January 1999. Following an evidentiary hearing, the trial court concluded that appellant had not met his burden of proving, by clear and convincing evidence, that he had not committed a crime, and thus was not entitled to relief under Rule 118. *See* Super. Ct. Crim. R. 118. Appellant contends that the trial judge [**2] erred in applying the wrong legal standard and in failing to consider the possibility that the assault, if committed, was in self-defense. He also claims that the trial judge abused his discretion in excluding from evidence testimony which would have established his reputation for veracity and for peacefulness. Although there is some merit to one of appellant's evidentiary challenges, we conclude that any error was harmless, and, accordingly, affirm.

**I.**

In January 1999, appellant was arrested and charged with the robbery of Ismael Diare, a cabdriver who claimed that appellant had punched him in anger after Diare had mistakenly taken a less-than-direct route to appellant's home in Northern Virginia. After a preliminary hearing, the court found no probable cause for the arrest and dismissed the robbery charge. Thereafter, the government charged appellant by information with two misdemeanors, simple assault and taking property without right. The government subsequently entered a *nolle prosequi* to these charges in March 2001, and appellant filed a motion under Criminal Rule 118 for the sealing of the records relating to his arrest. During the hearing on the motion, Diare claimed **[**3]** that appellant assaulted him, whereas appellant and William Natter, a friend who accompanied **[*989]** him that night, claimed that Diare had, without provocation, turned around and punched appellant after he complained about the circuitous route the cabdriver was taking. In addition to the testimony of the three men involved in the altercation, the trial court heard evidence which tended to support or refute the stories given by the three involved, as well as witnesses called to support appellant's credibility and peaceful character.

The judge ruled that appellant had not shown by clear and convincing evidence that he had not committed a crime:

> There is much to be believed and disbelieved on both sides. There really are. But one thing that I'm unable to believe based on listening to the witnesses, and that is I'm unable to accept the notion that there was no physical action taken by Mr. Rose with respect to this incident. I come to that conclusion because, first of all, it's sort of not common sense; but secondly, there's the information that his knuckles were bruised. And finally, I guess just as a matter of credibility, the manner in which it is alleged that Mr. Diare, quote, "set **[**4]** this up" is not believable to me.

> Were I to be ruling on this case as a regular criminal case, I don't have any reason to say anything other than that I would say that there is not proof beyond a reasonable doubt. There's no question that I would say that. No question that I would say that. But that's not what I'm asked to rule on.

> And do I believe that there was no offense committed by Mr. Rose beyond a reasonable doubt - not beyond a reasonable doubt - by a preponderance of the evidence? I mean, I can't say that. I can't say that because I am not convinced of his candor and accuracy of his perception, for that matter, with respect to these events. I do not believe that this record supports a clear and convincing conclusion that he was, without provocation, physically attacked and that that's what happened. I can't conclude that. So I don't. I don't know what happened that night. But I know I cannot reach a conclusion by clear and convincing evidence.

> . . . with respect to "clear and convincing" and "preponderance of the evidence," it really doesn't matter which I use, even though the correct standard is clear and convincing, because I would not come to this conclusion by a preponderance **[**5]** of the evidence either. Why? Because I cannot reach the 51 percent. I cannot reach the 51 percent.

**II.**

## A. Rule 118

HN1 If a person has been arrested for a criminal offense, but the prosecution is terminated before trial, that person may request to have the arrest records sealed. See Super. Ct. Crim. R. 118 (a); _District of Columbia v. Hudson_, 404 A.2d 175, 181 (D.C. 1979) (en banc). Such movants are entitled to relief if "the Court finds by clear and convincing evidence that the offense for which the movant was arrested did not occur or that the movant did not commit the offense." Super. Ct. Crim. R. 118 (e). Relief may not be granted, however, if it is shown that the movant committed some criminal act, though not necessarily the one originally charged. See _Villavicencio v. United States_, 755 A.2d 436, 438 (D.C. 2000) (noting that a person seeking relief under Rule 118 has the burden of showing that "no crime in fact been committed [by him] at the time of his arrest") (quoting _Hudson_, 404 A.2d at 179). Although a Rule 118 proceeding considers whether a criminal offense has been committed, because the movant [**6] seeks equitable relief, the proceeding is ultimately civil in nature and   [*990]  the protections afforded the accused in a criminal proceeding do not pertain. See _Hudson_, 404 A.2d at 179 n.6 (holding that "the presumption of innocence in a criminal prosecution has no place in a civil proceeding in which the movant is seeking equitable relief"). The person seeking relief has the ultimate burden of proof to show, by clear and convincing evidence, that he committed no crime. See _id._ at 179. Clear and convincing evidence is that which should "produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." _Id._ at 179 n.7 (quoting _In re Estate of Soeder_, 7 Ohio App. 2d 271, 220 N.E.2d 547, 574 (Oh. App. 1966)).  HN2 "Judicial decisions under Rule 118 constitute findings of fact," and are therefore reviewed for clear error. _District of Columbia v. Davis_, 811 A.2d 800, 802 (D.C. 2002); see D.C. Code 17-305 (a) (2001) (a finding of fact in a bench trial is binding on this court unless "plainly wrong or without evidence to support it").

## B. [**7] Self-Defense

Appellant claims that the trial judge erred in failing to consider the fact that even if he did hit Diare, he did so in self-defense, and therefore he did not commit a crime. We disagree with the government's initial contention that appellant is precluded from making a self-defense argument because he denied ever hitting Diare.  HN3 Even where the accused maintains that he did not commit an assaultive act, he is still allowed to submit, as an alternative argument, that if the finder of fact disbelieves his factual testimony and finds that he did hit the victim, he is nonetheless not guilty on the theory that he did so in self-defense. See _Wilson v. United States_, 673 A.2d 670, 673 (D.C. 1996); _Guillard v. United States_, 596 A.2d 60, 63 (D.C. 1991). The government also argues that because appellant did not claim self-defense in the trial court, our review should be solely for plain error. Even though appellant did not claim during the hearing that he struck Diare in self-defense, the central issue for the judge was whether appellant struck Diare, and whether this assault was a criminal act. On this record, we conclude that self-defense was [**8] implicitly considered - and rejected - by the trial judge.

The judge was presented with conflicting testimony: Diare maintained that he was grabbed from behind by one of his passengers while the other alighted from the car, came around to the driver's side window, and beat him about the head and chest. Appellant testified that it was Diare who punched him in the face, then pulled him into the cockpit of the vehicle and beat him some more, and that after appellant was able to exit from the car, Diare kicked him in the face. Appellant was steadfast that all the while he never responded in kind. An investigating officer had noticed, however, that appellant's knuckles were bruised the morning following the altercation. And it was undisputed that Diare had called the police immediately after the fight, whereas appellant did not report an assault.

The judge resolved this conflict against appellant stating that, "I am not convinced of

[appellant's] candor and accuracy of his perception, for that matter, with respect to these events. I do not believe that this record supports a clear and convincing conclusion that he was, *without provocation*, physically attacked and that that's what **[**9]** happened." (Emphasis added). Thus, the judge not only disbelieved appellant's contention that he never punched Diare, but also did not believe that he hit Diare in response to the latter's aggression. This decision, based on the judge's assessment of credibility, is beyond the purview of appellate review. *See Mihas v. United States*, 618 A.2d 197, 200 (D.C. 1992). **HN4**In criminal cases, where the **[*991]** burden rests with the government and not the accused, if the sole evidence is the conflicting testimony of the accused and the accuser, the judge is permitted to reject a proffered self-defense argument. *See Snell v. United States,* 754 A.2d 289, 290-91 (D.C. 2000) (affirming the conviction where "the judge credited complainant's testimony, rather than appellant's, where their respective stories diverged, and ruled not only that appellant's actions met the requirements for simple assault but also that the government had proved, beyond a reasonable doubt, that appellant had not acted in self-defense"). In this case, appellant had a tougher row to hoe, in that the burden of proof rested with him. According to the judge, appellant had "not even come close" to meeting **[**10]** his evidentiary burden of showing innocence by clear and convincing evidence. [1]

### FOOTNOTES

[1] Appellant contends that the trial court did not apply the proper legal standard. Although the trial judge expressed that what he was being asked to do was "so unnatural to me", the record of the judge's oral ruling makes clear that the judge recognized that his role was to find whether appellant had proved, by clear and convincing evidence, that he had committed no crime.


## C. Evidentiary Rulings

Appellant objected to three evidentiary rulings of the trial judge, which (1) prohibited testimony as to appellant's reputation for veracity and peacefulness; in his case in chief (2) did not allow a rebuttal witness to testify about appellant's reputation for truth and veracity; and (3) prohibited a witness from testifying on re-direct examination as to appellant's reputation for peace and good order. He also claims, for the first time on appeal, that the trial judge plainly erred in not allowing testimony which would have exposed **[**11]** Diare's bias. Of these arguments, only the claim with respect to testimony as to appellant's reputation for peacefulness raises a substantial question; but we conclude that, even if the judge's ruling was erroneous, any error was harmless, and thus there was no abuse of discretion.

### 1. Reputation for peace and good order

Walter Fischer had known appellant in a professional context for over thirteen years. When counsel questioned Fischer about appellant's reputation for peace and good order, the trial judge sustained an objection to the question, ruling that "the only issue with respect to Mr. Rose is whether or not he was assaulted that night and no other issue with respect to his, quote, assaultive behavior or peace and good order is relevant."

**HN5**"Relevant evidence is 'that which makes the existence or non existence of a [contested] fact more or less probable' than it would be without the evidence." *Jones v. United States*, 739 A.2d 348, 350 (D.C. 1999) (quoting *Punch v. United States*, 377 A.2d 1353, 1358 (D.C. 1977)). To be relevant, the evidence must be related logically to a material fact sought to be proven, and adequately probative **[**12]** of the fact it tends to establish. *See id.* A trial court's rulings as to relevance, as with other evidentiary rulings, are within the court's sound

discretion and will be upset "only upon a showing of grave abuse." _Brown v. United States,_ 763 A.2d 1137, 1139 (D.C. 2000) (quoting _Taylor v. United States,_ 661 A.2d 636, 643 (D.C. 1995)).

*HN6* The defendant in a criminal proceeding "is generally allowed to raise at trial character traits which are antithetical to the charged offense." _Hack v. United States,_ 445 A.2d 634, 642 (D.C. 1982). This allows admission of evidence concerning "abstract qualities which reflect one's general and permanent moral character." _Id._ Courts enjoy discretion, however, to exclude "evidence of the defendant's specific **[\*992]** acts or courses of conduct to show that he did not commit the particular act or acts with which he is charged." _Id._ at 643 (citing _Michelson v. United States,_ 335 U.S. 469, 477, 93 L. Ed. 168, 69 S. Ct. 213 (1948)).

The general rule *HN7* in civil cases for assault and battery, on the other hand, is that "the character of neither party is an issue and cannot be the subject of **[\*\*13]** attack, unless it is first attacked or supported by the adversary." _Phillips v. Mooney,_ 126 A.2d 305, 308 (D.C. 1956). We have previously held, however, that in a civil action which considers whether an assault has occurred, a litigant who claims that he was not the aggressor may present evidence of his or her peaceful nature, because character is "placed in issue by the nature of the proceeding itself." _See id._; _District of Columbia v. Thompson,_ 570 A.2d 277, 299 (D.C. 1990). In _Phillips_ the court noted that - as in the instant case - "each party testified that the other assaulted him and also that there was conflicting evidence as to who was the aggressor." _126 A.2d at 306._ The defendant called his ex-wife as a character witness, who testified he had a peaceful temperament. _See id._ at 307. The court held that, although the defendant's character had not been challenged, his ex-wife's testimony about his peaceful character was nevertheless admissible because of the nature of the action: the "defendant having pleaded self-defense and both parties having pleaded and testified that the other had assaulted him - put **[\*\*14]** their character for peace and quiet in issue." _Id._ at 308. [2]

### FOOTNOTES

[2] _The ex-wife's testimony was, in turn, countered by the plaintiff, who sought to introduce her previous contradictory assertion, made in an affidavit filed in a divorce action, that her then-husband "has an extremely terrible temper." Phillips, 126 A.2d at 307._ That statement, as well, was similarly relevant, and admissible extrinsic evidence on a non-collateral issue. _See id._ at 308.

Phillips was relied on in _Thompson,_ which considered a variety of civil claims made by a former employee of the District of Columbia library system stemming from the termination of her employment. _See Thompson,_ 570 A.2d at 299. In contention was whether the employee had been assaulted by her former supervisor, or whether the supervisor had responded to the employee's attacks in self-defense. In this context, the court concluded it was error to exclude evidence of the supervisor's peaceful character, **[\*\*15]** and the employee's prior acts of violence, concluding that:

> In the present case, both as to Thompson's claim of assault and battery and as to Maury's counterclaim of assault and battery, neither party claimed self-defense. But, both parties claimed the other party initiated the assault. Thus, the issue at trial was, "Who was the aggressor?" The trial court erred by not admitting evidence of Thompson's threats and assaults of her coworkers and, further, by not admitting evidence of Maury's peaceful character. Since the evidence at trial of Thompson's and Maury's alleged assaults of each other consisted mainly of the testimony of Maury and Thompson, making the issue essentially one of credibility, the error was not harmless. It warrants reversal and remand for a new trial on the assault claims.

*Id.* at 299-300 (citing *Montgomery v. Dennis*, 411 A.2d 61 (D.C. 1980) (reversing and remanding where evidence corroborating appellant's testimony that he had been assaulted was excluded)).

In this case, even though appellant did not claim self-defense, the trial court found that appellant had acted "without provocation," *i.e.*, that he was **[**16]** the aggressor. The nature of the proceeding **[*993]** having put appellant's character at issue, the judge erred in concluding that Fischer's testimony as to appellant's reputation for peacefulness was irrelevant.

We are satisfied, however, that this error did not cause prejudice requiring reversal for abuse of discretion. *See Johnson v. United States*, 398 A.2d 354, 366 (D.C. 1978) (prejudice is a necessary component of abuse of discretion). While credibility was a central issue, and the trial judge eventually disbelieved appellant's version of what happened, there was evidence - apart from the excluded testimony about appellant's peaceful character - that corroborated his claim. In evaluating appellant's credibility, the judge noted that his story was consistent in that it had not changed during the pendency of the case, and that it was corroborated by his companion. *See Cooper v. United States*, 353 A.2d 696, 704 (D.C. 1975) (noting that there was no reversible error, even though relevant and admissible character evidence was wrongfully excluded, because there was other evidence of good character, including a corroboration of the accused's story). Even so, **[**17]** the trial judge, as the finder of fact, found that appellant had failed to prove his case by even a preponderance of the evidence because his account was "not common sense." On this record, we doubt that the trial judge would have been persuaded to the requisite level of clear and convincing evidence by the introduction Fischer's testimony about appellant's peaceful character. Thus, we conclude that the trial judge's ruling does not require reversal. [3]

---

**FOOTNOTES**

[3] The appellant also called John Massoud, who testified on direct examination solely about Massoud's impressions of Diare. He was cross-examined concerning Massoud's affiliation with another cab company that appellant patronized. On re-direct examination, counsel asked Massoud about appellant's reputation as a passenger for peace, good order, and stability. The trial judge sustained the government's objection to this questioning.

Unlike Fischer's proffered testimony, Massoud's testimony on rebuttal was excluded by the hearing judge not on relevance grounds, but because it was outside the scope of cross-examination. *HN8*⊼"Redirect examination is limited to matters which were first raised on cross-examination, to which the opposing party is merely responding on redirect." *Brown*, 763 A.2d at 1140 (quoting *Dobson v. United States*, 426 A.2d 361, 365 (D.C. 1981)). It may therefore explain, avoid, or qualify "the new substantive facts or impeachment matters elicited by the cross examiner." *Id.* (quoting 1 MCCORMICK ON EVIDENCE § 32, at 119-20 (John W. Strong ed., 5th ed. 1999)). Delineating the proper "scope of redirect examination rests within the sound discretion of the trial court and will not be reversed absent a clear showing of abuse." *Carpenter v. United States*, 635 A.2d 1289, 1293 (D.C. 1993) (citing *Hairston v. United States*, 497 A.2d 1097, 1103 (D.C. 1985)). The only substantive fact addressed in the brief cross-examination of Massoud was the fact that appellant was a long-term customer of Massoud's cab company. As appellant's reputation for peacefulness had not been raised on cross-examination, the trial judge did not abuse discretion in excluding this testimony as being outside the scope of re-direct examination.

---

**[**18]** *2. Reputation for truthfulness*

Fischer was also questioned as to appellant's reputation for truth and veracity, but the trial judge sustained an objection to this testimony, ruling that Rose's "credibility has not been challenged and that's what it takes to raise that issue at trial." **HN9**A defendant in a criminal proceeding is given wide latitude to place the evidence of his good reputation for truthfulness into evidence, particularly when his credibility is besmirched. See _Cooper_, 353 A.2d at 703-04 ("Where, as here, it is reasonable to conclude that the credibility of the accused may play a determinative role in the jury's decision, it is error to bar competent testimony as to a defendant's reputation for truthfulness."). This rule is **[\*994]** particular to criminal trials, where the defendant "may elect to raise any character trait antithetical to the charged offense, or may assert in proper circumstances a general reputation for honesty, veracity, or being peaceful and law-abiding." _Id._ at 703; see generally 1A JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW 56, at 1161 (Peter Tillers ed., rev. 1983) ("[A] defendant may offer his good **[\*\*19]** character to evidence the improbability of his doing the act charged."). Such evidence may take the form of both reputation and opinion. See _Rogers v. United States_, 566 A.2d 69, 73 (D.C. 1989) (en banc). In contrast, a civil litigant may not introduce evidence of his or her veracity until this trait has been directly attacked by the opposing party. See _R & A, Inc. v. Kozy Korner, Inc._, 672 A.2d 1062, 1074 (D.C. 1996) (noting that evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked) (citing FED. R. EVID. 608 (a)). Merely presenting a differing version of events, however, is not necessarily considered an attack on the character of the party espousing a contrary version, so as to allow that party to introduce evidence of his reputation for veracity. See, e.g., _Stokes v. Delcambre_, 710 F.2d 1120, 1129 (5th Cir. 1983); 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE 608.12 [4][a] (Joseph M. McLaughlin ed., 2d ed. 2005) ("Most courts do not view contradiction of one witness's testimony **[\*\*20]** by other witnesses as an attack on character.").

The civil nature of a Rule 118 proceeding is therefore determinative in evaluating whether the trial judge erred in refusing to admit the proffered evidence of appellant's reputation for truthfulness. Had this been a criminal prosecution, appellant would have been entitled to introduce evidence of his reputation for truthfulness and veracity even if it had not been directly challenged. See _Cooper_, 353 A.2d at 704. As this was a civil proceeding, however, appellant could not introduce testimony of his good reputation for truthfulness until it had been directly attacked. See _R & A, Inc._, 672 A.2d at 1074. Fischer was called in appellant's case-in-chief, before his credibility was even called into question by Diare's account. Appellant did not seek to call Fischer as a rebuttal witness. Therefore, even assuming that Diare's conflicting account were to be considered an attack on appellant's character for truthfulness, [4] the trial court did not abuse its discretion in concluding that Fischer's testimony - when offered - was irrelevant. [5]

---

**FOOTNOTES**

[4] This is a generous assumption, for in excluding Fischer's character testimony, the trial court commented that appellant had not been called "a liar." **[\*\*21]**

[5] Appellant vaguely offered an unnamed rebuttal witness - that he says on appeal would have been Officer Scott - to testify as to his reputation for truth and veracity. The trial judge similarly disallowed this testimony reasoning that, because the appellant's truthfulness had not been challenged, evidence of his good reputation for veracity was irrelevant. As appellant's credibility was called into question only by Diare's conflicting testimony, we cannot say that the judge abused discretion in concluding that appellant's truthfulness had not been attacked in a manner sufficient to allow him to introduce evidence of his reputation for veracity.

### 3. *Bias*

In his cross-examination of Diare, appellant inquired into events surrounding Diare's previous termination from another cab company, Blue Top Cabs. Appellant's counsel proffered that, upon being fired by Blue Top Cabs, Diare threatened to "blow up" the company, and otherwise threatened violence against his former employer. At trial, appellant sought to question Diare about this incident in order to show that **[*995]** Diare had been impulsive **[**22]** and violent in the past, making it more likely that he was the first aggressor in their altercation. He did not, however, mention that this questioning would expose Diare's bias. Noting that the proffered prior incidents, being three years old, were stale, and showed past dealings with employers and co-workers, which did little to elucidate Diare's past dealings with customers, such as appellant the judge excluded the testimony as irrelevant. Appellant does not challenge this ruling on appeal, but makes a new argument: that evidence of Diare's past behavior was probative of his bias because the cabdriver would have harbored a reasonable fear of losing another job, and therefore was motivated to shade his testimony so that appellant, and not he, was pegged as the belligerent party. **HN10** ⚓Because this issue was not raised at trial, we review for plain error. *See United States v. Olano,* 507 U.S. 725, 732-34, 123 L. Ed. 2d 508, 113 S. Ct. 1770 (1993) (defining plain error as that which is obvious or plain, affects substantial rights, and results in a miscarriage of justice or seriously effects the fairness and integrity of the trial).

**HN11** ⚓"Bias" refers generally to "all forms of partiality which **[**23]** may be proven by extrinsic evidence," and is present, inter alia, when a witness has a general willingness or motivation to testify falsely on the stand. *See In re C.B.N.,* 499 A.2d 1215, 1219 (D.C. 1985) (citing authorities). "Bias or testimonial motivation is always a proper subject of cross-examination," *Clayborne v. United States,* 751 A.2d 956, 962 (D.C. 2000), and is "particularly important where, as here, the credibility of the key government witness is the central factor to be weighed by the trier of fact." *C.B.N.,* 499 A.2d at 1218; *see generally* 1 MCCORMICK ON EVIDENCE 39, at 144 ("Partiality, or any acts, relationships, or motives reasonably likely to produce it, may be proved to impeach credibility."). A party seeking to introduce evidence probative of bias must first lay a "proper foundation [which] includes a 'proffer [of] some facts which support a genuine belief that the witness is biased in the manner asserted . . . . In addition, the attorney must proffer facts sufficient to permit the trial judge to evaluate whether the proposed question is probative of bias.'" *Guzman v. United States,* 769 A.2d 785, 790 (D.C. 2001) **[**24]** (quoting *Brown v. United States,* 683 A.2d 118, 124-25 (D.C. 1996)). Once such a foundation has been laid, the trial judge has discretion to determine whether the proffered evidence is probative of bias, *see Coles v. United States,* 808 A.2d 485, 490 (D.C. 2002) (quoting *White v. State,* 324 Md. 626, 598 A.2d 187, 194 (Md. 1991)), and the proponent has the burden of ultimately showing that the proffered evidence is relevant to bias. *See id.* (citing *Chambers v. State,* 866 S.W.2d 9, 26-27 (Tex. Crim. App. 1993)).

In this case, because the relevance of the proffered evidence to Diare's bias was never suggested by appellant, the judge did not rule whether the proffer would support cross-examination for bias. As noted by the trial judge in connection with another evidentiary ruling, however, Diare's termination from his previous job had taken place three years before the assault for which appellant was arrested. Thus, the argument made on appeal, that Diare would have been motivated by that experience to lie in court in order to protect his present employment, was not so plain or obvious that the trial judge should have **[**25]** raised it *sua sponte*; nor do we think, in light of the appellant's high burden under Rule 118, and the judge's comment that appellant's version did not make common sense, that the trial court's failure to consider the now-suggested bias theory resulted in a manifest injustice.

**[*996]** For the foregoing reasons, the judgment is

*Affirmed*.

Service: **Get by LEXSEE®**
Citation: **879 A.2d 986**
View: Full
Date/Time: Monday, September 10, 2007 - 9:24 AM EDT

\* Signal Legend:

● -  Warning: Negative treatment is indicated

🅠 -  Questioned: Validity questioned by citing refs

⚠ -  Caution: Possible negative treatment

✛ -  Positive treatment is indicated

🅐 -  Citing Refs. With Analysis Available

🅘 -  Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.



**About LexisNexis** | **Terms & Conditions**
<u>Copyright ©</u> 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

EXHIBIT 2

DATE  8/31/07         DISTRICT OF COLUMBIA COURT OF APPEALS

CASE NUMBER  04-CO-000434

CASE TITLE


PETER J. ROSE

                                        APPELLANT

                    V.


UNITED STATES

                                        APPELLEE


------------------------------------------------------------------

     ATTORNEYS FOR APPELLANT          ATTORNEYS FOR APPELLEE

  *WULIGER-KNEE, AMY                 *BALLANTINE, JOCELYN S.
   RETAINED                          US ATTORNEY'S OFFICE
   20637 HIGHLAND HALL DR.           US ATTORNEY
                                     555 FOURTH ST, NW RM 8104
   MONT. VILLAGE     MD 20886-0000   WASHINGTON      DC  20530-0000
   301-926-8643                      202-514-7008
   FOR:  ROSE, PETER J.              FOR:  UNITED STATES


------------------------------------------------------------------

     COURT/AGENCY #: F431-99
     TRIAL JUDGE: WEISBERG, FREDERICK H.
     DATE OF JUDGMENT/ORDER:  3/23/2004
     NOTICE OF APPEAL: 04/19/2004
         RECORD COMPLETED:  6/10/2004
         BRIEFS COMPLETED:  8/12/2004
         ARGUED/SUBMITTED:  2/02/2005
            CASE DISPOSED:  8/04/2005
     CASE CITE: 879 A.2D 986


------------------------------------------------------------------

  REMARKS:  DEN. OF POST-CONVICTION RELIEF
                    (SEE 03CO595 (CLOSED))
            CERTIFIED AS A MISDEMEANOR          5/12/04DFE


------------------------------------------------------------------

                          ATTORNEYS

   FISHER, JOHN R.                   UNITED STATES
   US ATTORNEY'S OFFICE              APPELLEE
   US ATTORNEY'S OFFICE
   555 4TH ST., N.W.,RM 8104
   WASHINGTON       DC 20001-0000


   MCLEESE III, ROY W.               UNITED STATES
   US ATTORNEY'S OFFICE              APPELLEE
   US ATTORNEY'S OFFICE
   555 4TH ST., NW, RM 8104
   WASHINGTON       DC 20001-0000

CASE NUMBER 04-CO-000434
PETER J. ROSE V. UNITED STATES

------------------------------------------------------------------

FILINGS/PROCEEDINGS

4/19/2004    NOTICE OF APPEAL
             DMITCHELL

5/13/2004         On consideration of the notice of appeal, it is
                  ORDERED that appellant shall immediately
             take the necessary steps to review the trial
             court record and to ensure that the transcripts
             necessary to the appeal have been ordered
             and shall, within 30 days from the date of this
             order complete and file with this court a single
             copy of the attached statement regarding the
             transcript ordered for this appeal.  Where
             transcript(s) necessary for this appeal had
             initially been ordered and completed for
             non-appeal purposes, appellant must advise the
             Court Reporting Division        to forward said
             transcript(s) for inclusion        in the record on
              appeal. It is
                  FURTHER ORDERED appellant's failure to
             respond to any order of this court, including
             this order, shall subject this appeal to
             dismissal without further notice for lack of
             prosecution.  See D.C. App. R. 13(a).  (By: GP)
             DEASTER

5/20/2004    APPELLANT'S MISCELLANEOUS PROCEDURAL MOTION
             to transfer record and brief (no oppo)
             GRANTED              6/10/2004
             PMCMILLAN

5/20/2004    STATEMENT REGARDING TRANSCRIPT(S)
             (rt needed, which we have in previous case
             03-CO-595)dfe
             PMCMILLAN

6/10/2004    ORDERED:  That the motion is granted, and the
             Clerk shall transfer the record and brief of
             appellant from appeal no. 03-CO-595 to appeal no.
             04-CO-434.  It is FURTHER ORDERED that the brief
             of appellee shall be filed within 30 days from the
              date of this order.  (By: AMW)
             DEASTER

6/10/2004    RECORD ON APPEAL (transferred from appeal no.
             03-CO-595)
             DEASTER

6/10/2004    SUPPLEMENTAL RECORD #1 (docket entries)
             (transferred from appeal no. 03-CO-595)

CASE NUMBER 04-CO-000434

PETER J. ROSE V. UNITED STATES

DEASTER

6/10/2004   SUPPLEMENTAL RECORD #2 (exhibits - defendant's
10A-10D) (transferred from appeal no. 03-CO-595)
DEASTER

6/10/2004   SUPPLEMENTAL RECORD #3 (exhibits- government's - 3
defendant's 1,3,4,5,6,7,8,9) (transferred from
appeal no. 03-CO-595)
DEASTER

6/10/2004   SUPPLEMENTAL RECORD #4 (11/22/02 proc) (93 pages)
(K. Jackson) (transferred from appeal no.
03-CO-595)
DEASTER

6/10/2004   SUPPLEMENTAL RECORD #5 (7/18/02 proc.)(79 pages)
(L. Kaczorowski) (transferred from appeal no.
03-CO-595)
DEASTER

6/10/2004   SUPPLEMENTAL RECORD #6 (8/8/02 proc.) (J. Hunt)
(91 pages) (transferred from appeal no.
03-CO-595)
DEASTER

6/10/2004   SUPPLEMENTAL RECORD #7 (9/12/02 proc.) (77 pages)
(R. Salazar) (transferred from appeal no.
03-CO-595)
DEASTER

6/10/2004   SUPPLEMENTAL RECORD #8 (1/21/99 proc.) (Tape - 6
pages) (transferred from appeal no. 03-CO-595)
DEASTER

6/10/2004   SUPPLEMENTAL RECORD #9 (4/1/99 proc.) (18 pages)
(L. Rust) (transferred from appeal no. 03-CO-595)
DEASTER

6/10/2004   SUPPLEMENTAL RECORD # 10 (6/21/02 proc.) (Tape)
(84 pages) (transferred from appeal no.
03-CO-595)
DEASTER

6/10/2004   SUPPLEMENTAL RECORD #11 (9/18/02 proc.) (Jackson)
(30 pages) (transferred from appeal no.
03-CO-595)
DEASTER

6/10/2004   SUPPLEMENTAL RECORD #12 (Superior Court Pleadings)
(transferred from appeal no. 03-CO-595)
DEASTER

6/10/2004   APPELLANT'S BRIEF

CASE NUMBER 04-CO-000434
PETER J. ROSE V. UNITED STATES

(transferred from appeal no.1 03-CO-595)
DEASTER

6/10/2004   RECORD COMPLETED
            AJOHNSON

7/12/2004   APPELLEE'S MOTION TO EXTEND TIME TO FILE BRIEF
            until August 12, 2004 (no oppo)
            GRANTED            7/15/2004
            PMCMILLAN

7/15/2004       On consideration of the motion of appellee_
            for an extension of time within which to file the
            brief, and no opposition having been filed, it is
                ORDERED that the motion is granted, and the
            brief of appellee_ shall be filed on or before
            August 12, 2004.  (By: GP)
            DEASTER

8/12/2004   APPELLEE'S BRIEF
            PMCMILLAN

8/12/2004   BRIEFS COMPLETED
            PMCMILLAN

9/10/2004   APPELLANT'S REPLY BRIEF
            PBRADY

12/06/2004  LETTER TO COUNSEL/PARTY RE FUTURE CALENDARING
            feb-apr
            AJOHNSON

1/07/2005   ORDER sua sponte that this appeal is scheduled
            for consideration on the regular calendar of
            February 2, 2005, at 9:30 a.m.  The parties are
            to be present in the DCCA courtroom located on
            the sixth floor, at 9:25 a.m. on that date.
            (WA)
            SLEA

2/02/2005   ARGUED
            (WA,FA,RZ)
            Amy A. Wuliger-Knee, Esq. for appellant
            Jocelyn S. Ballantine, Esq. for appellee
            AJOHNSON

6/29/2005   SUPPLEMENTAL RECORD    #13 (docket entries)
            AVAN

8/04/2005   AFFIRMED
            Opinion (Wagner, Farrell, Ruiz) and judgment
            affirming judgment on appeal.
            MJURNEY

CASE NUMBER 04-CO-000434

PETER J. ROSE V. UNITED STATES

8/18/2005   APLT'S PETITION FOR REHEARING/REHEARING EN BANC
            PMCMILLAN

9/14/2005   ORD DENY APPELLANT'S PETITION FOR REH/REH EN BANC
            (WHTESCFAWARZRDGLKR)
            (Judge Washington was an Associate Judge of the
            court at time of decision. His status changed to
            Chief Judge on August 6, 2005. Judge Wagner was
            Chief Judge of the court at time of decision. Her
            status changed to Associate Judge on August 6,
            2005.)
            SLEA

9/26/2005   MANDATE ISSUED
            MJURNEY

------------------------------------------------------------------

                         DISPOSITION

8/04/2005   AFFIRMED
            OPINION

------------------------------------------------------------------

                           OPINION

PAGE NUMBER
     CONCURRING              FARRELL, MICHAEL W.
     MAJORITY                RUIZ, VANESSA
     CONCURRING              WAGNER, ANNICE M.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

United States                                   Case No   F431-99

      V.

Peter Rose

Appeal File Date   4/19/04

Pages 4

**The following is a chronological listing of all Court Proceedings in this case**

| DATE | ENTRY | JUDGE |
|------|-------|-------|
| 1/21/99 | C10 tape, Lockup L-55, Counsel J. O'Dea #211128, Defendant DOB 6/15/60, charged in Count A for robbery, assault and TPWR. Continued to 2/11/99 for preliminary hearing. Defendant on personal recognizance, advised of penalties for failure to appear. | Melendez |
| 2/11/99 | Courtroom 119, Counsel not present, Defendant present. Defense counsel out sick. Request for continuance granted. Continued date in Count A for 2/19/99 for preliminary hearing. Defendant advised of penalties for failure to appear. Defendant not in custody. | Macaluso |
| 2/19/99 | Courtroom 120 tape, Counsel present, Defendant present. Mutual continuance granted by the court in Count A for preliminary hearing conference on 2/26/99 in #119. Defendant not in custody. Personal recognizance remains. Defendant advised of penalties for failure to appear. | Lee |
| 2/26/99 | Courtroom 119 tape. Counsel not present. Defendant present. Court grants defense counsel request for continuance. Case continued in Count A for preliminary hearing conference in #119 on 3/5/99. Defendant not in custody. PR remains. Defendant advised of penalties for failure to appear | Macaluso |
| 3/5/99 | Courtroom 119. Counsel not present. Defendant not present. Defense counsel out ill. Case was continued in Count A for 3/12/99 for preliminary hearing in #119. Defendant not in custody, on PR. | Macaluso |
| 3/12/99 | Courtroom 119. Counsel present, defendant present. Defense counsel request for continuance granted. Continued date set for 3/18/99 in Count A for preliminary hearing in #119. Defendant on PR, not in custody, warned of penalties for failure to return. | Macaluso |
| 3/18/99 | Courtroom 120. Counsel present, defendant present. Request for continuance by defense counsel granted. Case continued for preliminary hearing on 4/1/99 in Count A in #119. Defendant not in custody, on PR, warned of penalties for failure to return. | Lee |

Continuation of chronological listing Page 2

| DATE | ENTRY | JUDGE |
|------|-------|-------|
| 4/1/99 | Courtroom 119 tape.  FINAL DISPOSITION.  Counsel present, defendant present.  Preliminary hearing held.  No probable cause found. Count A disposed. | Eilperin |
| 4/6/00 | Case reassigned to misdemeanor calendar #4, Judge Milliken.  Government files misdemeanor information Counts B, C.  Case was continued for 4/7/00 for APR in Courtroom C-10 for Counts B and C. | Misdemeanor/ traffic branch |
| 4/7/oo | C-10 tape.   Counsel present, defendant present.  Defendant arraigned.  Plea not guilty.  Case continued for ATR in Courtroom 302 for 6/29/00 in Counts B, C.  Defendant released and warned of penalties for failure to return.  Defendant not in custody. | Diaz |
| 6/8/00 | Defendant's motion to compel | Misdemeanor Branch |
| 6/21/00 | Government's motion for continuance filed. | Misdemeanor Branch |
| 6/23/00 | Government unopposed motion for continuance granted.  Parties notified through chambers.  Continued date for SH in #302 on 6/29/00. | Milliken |
| 6/29/00 | Courtroom 301.  Counsel present, defendant present.  SH held.  Trial date set for 9/21/00 in Counts B, C in #302. | Turner for Milliken |
| 9/21/00 | Courtroom 302.  Counsel present, defendant present.  Case continued for non-jury trial on 11/13/00 in Counts B, C in #302.  Defendant on PR, not in custody, warned of penalties for failure to return. | Turner for Milliken |
| 11/13/00 | Courtroom 302 tape.  Counsel not present, defendant present.  Co-counsel stated that Attorney O'Dea was ill.  Judge spoke attorney.  O'Dea on telephone.  Case continued in Counts B, C for trial on 12/5/00 in Courtroom 302.  Defendant on PR, not in custody, warned of penalties for failure to return. | Milliken |
| 12/5/00 | Courtroom 302 tape.  Counsel present, defendant present.  Case set on the STET DOCKET; case continued for status in Counts B, C on 3/9/01 in #212.  Defendant not in custody, on PR, warned of penalties for failure to return. | Milliken |
| 3/9/01 | Courtroom 211 tape.  Counsel present.  Defendant not in custody.  Counts B, C. | Dorsey |
| 7/19/01 | Motion to seal record, filed 7/11/01.  Forwarded to Judge Dorsey | Felony Branch |
| 8/21/01 | Copies mailed to parties indicated on 8/20/01 | |
| 10/22/01 | Government's motion for enlargement of time to respond to Defense motion to seal granted.  Response due by 11/21/01.  See signed order attached hereto. | Dorsey |
| 11/1/01 | Copies mailed to all parties | |
| 11/30/01 | Government enlargement of time filed 11/26/01 | |
| 11/30/01 | Government opposition filed 11/26/01 | |

Continuation of chronological listing Page 3

| DATE | ENTRY | JUDGE |
|------|-------|-------|
| 12/6/01 | Government's motion to late file response to Defendant's motion to seal granted. Defendant's motion to seal denied. See signed orders attached hereto. Copies mailed to parties indicated above on | Dorsey |
| 12/10/01 | Defendant's opposition to motion for leave to late file | |
| 1/2/02 | Motion for reconsideration received and filed. Case forwarded to Judge Dorsey. | |
| 1/14/02 | Government ordered to respond to Defendant's motion for reconsideration on or before 2/11/02. See signed order attached hereto Copies mailed to parties indicated above on 1/17/02. | Dorsey |
| 2/21/02 | Government opposition filed 2/4/02 | |
| 2/26/02 | Government's motion for continuance filed | |
| 2/27/02 | Defendant's motion for reconsideration of motion to seal set for 3/1/02 at 10:30 a.m. See signed order attached hereto. | Dorsey |
| 2/27/02 | Defendant's motion for reconsideration of motion to seal hearing rescheduled for 4/1/02 at 9 a.m. See signed order attached hereto. Copies mailed to parties indicated above on 2/28/02 | Dorsey |
| 3/28/02 | Government's motion to continue hearing granted. Case continued for status. See signed order attached hereto. | Dorsey |
| 4/1/02 | Courtroom 210 tape. Counsel present, defendant present. Case continued for motion of expungement for 6/21/02, status hearing in Counts B, C in #210. Defendant not in custody, on PR, warned of penalties for failure to return. | Dorsey |
| 6/21/02 | Courtroom 210 tape, Court reporter C. Franklin. Motion of expungement hearing held in Counts B, C. Motion hearing continued to 7/18/02 in #210. Defendant on PR, not in custody. | Dorsey |
| 7/18/02 | Courtroom 210 tape, Court reporter Kaczorowski. Counsel present, defendant present. Motion-to-expunge hearing resumed in defense case. Motion continued to 8/8/02 at 2 p.m. in #210, Counts B, C. Defendant not in custody. | Dorsey |
| 8/8/02 | Courtroom 210 tape, Court reporter Hunt. Counsel present. Motion to expunge hearing resumed. Case continued for motion hearing at 2 p.m. on 8/27/02, Counts B, C in #210. | Dorsey |
| 8/27/02 | Courtroom 210 tape, Court reporter K. Jackson. Counsel present, defendant present. Motion-to-expunge hearing resumed. Case continued for motion hearing at 2 p.m. on 9/18/02 in #210, Counts B, C. | Dorsey |
| 9/12/02 | Courtroom 210 tape, Court reporter Salazar. Counsel present, defendant present. Motion to expunge hearing resumed. Case continued. Disposed: Count A Closed. Count B show cause. | Dorsey |
| 9/18/02 | Courtroom 210 tape, Court reporter Jackson. Counsel present, defendant present. Stipulation entered. Motion hearing to expunge continued for 10/10/02 in #210, Counts B, C. Counts A and C disposed, Count B show cause disposed | Dorsey |
| 10/10/02 | Courtroom 210 tape. Counsel present, defendant present. Motion-to-expunge hearing continued to 11/22/02 I Counts B, C in #210. | Dorsey |

**Continuation of chronological listing Page 4**

| DATE | ENTRY | JUDGE |
|---|---|---|
| 11/22/02 | Courtroom 210 tape. Counsel present, defendant present. Motion for reconsideration is denied. | Dorsey |
| 1/6/03 | Government's motion for leave to file opposition. Government's opposition filed. SP Proc BR | |
| 12/3/02 | Motion to reconsider filed and forwarded to Judge Dorsey | Case management |
| 1/10/03 | Defendant's motion to reconsider denied. See signed order attached hereto. | Dorsey |
| 1/13/03 | Copies mailed to parties indicated above on 1/13/03, | SP Proc BR |
| 5/16/03 | Motion to re-enter order denying motion to reconsider motion to seal arrest record and filed 5/8/03 and forwarded to Judge Weisberg chambers. Reconsider is hereby vacated; and further ordering that defendant's motion for reconsideration is hereby denied. (Please see entire order filed herein.) | Weisberg |
| 6/9/03 | Notice of appeal filed 6/6/03 | |
| 7/21/03 | NOA filed 6/6/03 and received 6/10/03. | ACO |
| 9/16/03 | Appeals Record certified to DCCA | ACO |
| 4/7/04 | Judgment/order dated 3/24/04 and mandated dated 3/25/04 filed from the D.C. Court of Appeals dismissing the appeal in this case. | Case Management |
| 4/27/04 | Copy of order mailed to parties on this date | SP Branch |
| 4/26/04 | Court grants defendant's motion to correct order vacating and reentering order denying motion for reconsideration of motion to seal arrest record nunc pro tunc to 3/23/04. Order filed herein. | Weisberg |
| 4/30/04 | Notice of appeal filed 4/19/04 | CMB |
| 5/4/04 | NOA filed 4/19/04 and record 4/30/04. NOA mailed to interested parties 5/4/04. | ACO |

# EXHIBIT 3

| DATE: 4-1-99 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for: | In Courtroom Nbr. |
|---|---|---|---|---|---|---|
| COURT REPORTER   TAPE ☐ 114 | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) A | Preliminary Hearing ☑ Held ☐ Held for G.J. Action ☐ Waived ☒ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☑ IS PRESENT ☐ IS NOT PRESENT | | Defendant: ☑ IS PRESENT ☐ IS NOT PRESENT | | BOND $ | ☐ CASH ☐ SURETY _____ % | ☐ P.R. |

| Count(s) _____ | Nolle Prosequi  Prosecutor _____ | Defendant released and warned of Penalties for failure to return |
|---|---|---|
| ☐ New Commitment Executed | ☐ Back To Jail O.C. | ☐ Release Executed    ☐ Not In Custody |

| A DISPOSED | PENDING M | CLERK 85 | JUDGE/COMM. Elpais |
|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By M |

| DATE: APR 6 – 2000 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) B,C | CONTINUED DATE 4-7-00 | Continued for: ARR | In Courtroom Nbr. C-10 |
|---|---|---|---|---|---|---|
| COURT REPORTER   TAPE ☐ | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☐ IS PRESENT ☐ IS NOT PRESENT | | Defendant: ☐ IS PRESENT ☐ IS NOT PRESENT | | BOND $ | ☐ CASH ☐ SURETY _____ % | ☐ P.R. |

CASE REASSIGNED TO *Misdemeanor Calendar # 9.*
*Judge Milliken. Gov't files Misdemeanor*
*Informations Counts B & C*

| Count(s) _____ | Nolle Prosequi  Prosecutor _____ | Defendant released and warned ☑ of Penalties for failure to return |
|---|---|---|
| ☐ New Commitment Executed | ☐ Back To Jail O.C. | ☐ Release Executed    ☐ Not In Custody |

| DISPOSED | PENDING | CLERK | JUDGE/COMM. |
|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By | MISDEMEANOR/TRAFFIC BRANCH |

| DATE: 4-7-00 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) B,C | CONTINUED DATE 6-29-00 | Continued for: AR | In Courtroom Nbr. 302 |
|---|---|---|---|---|---|---|
| COURT REPORTER   TAPE ☑ C-10 | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☑ IS PRESENT ☐ IS NOT PRESENT | | Defendant: ☑ IS PRESENT ☐ IS NOT PRESENT | | BOND $ | ☐ CASH ☐ SURETY _____ % | ☐ P.R. |

*defendant arraigned Plea not guilty*

| Count(s) _____ | Nolle Prosequi  Prosecutor _____ | Defendant released and warned ☑ of Penalties for failure to return |
|---|---|---|
| ☐ New Commitment Executed | ☐ Back To Jail O.C. | ☐ Release Executed    ☑ Not In Custody |

| DISPOSED | PENDING | CLERK | JUDGE/COMM. Diaz |
|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By |

| Name: Peter Rose | Docket No.: F 431-99 |
|---|---|

EXHIBIT 4

| DATE: 12 / 5 /00 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN JURY DEMAND WITHDRAWN PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) B-C | CONTINUED DATE 3/9/01 | Continued for: STATUS | In Courtroom Nbr. 212 |
|---|---|---|---|---|---|---|
| COURT REPORTER    TAPE ☐ 302 | COUNT(S) | Bench Warrant Ordered and issued Forthwith Bench Warrant Bond $ _____ | COUNT(S) | Preliminary Hearing ☐ Held    ☐ Held for G.J. Action ☐ Waived    ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☐ IS PRESENT ☐ IS NOT PRESENT | Defendant: ☐ IS PRESENT ☐ IS NOT PRESENT | | | BOND $ _____ | ☐ CASH ____% ☐ SURETY    ☐ P.R. | |

*Case set on the STET DOCKET ; case cont'd for status on the above date.*

| Count(s) _____ | Nolle Prosequi | Prosecutor _____ | Defendant released and warned ☐ of Penalties for failure to return |
|---|---|---|---|

☐ New Commitment Executed    ☐ Back To Jail O.C.    ☐ Release Executed    ☑ Not In Custody

| DISPOSED | | | | PENDING | | | | | CLERK AL | JUDGE/COMM. Milliken |
|---|---|---|---|---|---|---|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By |

---

| DATE: 3-9-01 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN JURY DEMAND WITHDRAWN PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for: | In Courtroom Nbr. |
|---|---|---|---|---|---|---|
| COURT REPORTER    TAPE ☐ 211 | COUNT(S) | Bench Warrant Ordered and issued Forthwith Bench Warrant Bond $ _____ | COUNT(S) | Preliminary Hearing ☐ Held    ☐ Held for G.J. Action ☐ Waived    ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☐ IS PRESENT ☐ IS NOT PRESENT | Defendant: ☐ IS PRESENT ☐ IS NOT PRESENT | | | BOND $ _____ | ☐ CASH ____% ☐ SURETY    ☐ P.R. | |

| Count(s) BC | Nolle Prosequi | Prosecutor Angela S. George | Defendant released and warned ☐ of Penalties for failure to return |
|---|---|---|---|

☐ New Commitment Executed    ☐ Back To Jail O.C.    ☐ Release Executed    ☑ Not In Custody

| DISPOSED | | | | PENDING | | | | | CLERK DJRM | JUDGE/COMM. DORSEY |
|---|---|---|---|---|---|---|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By |

---

| DATE: JUL 19 2001 | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN JURY DEMAND WITHDRAWN PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for: | In Courtroom Nbr. |
|---|---|---|---|---|---|---|
| COURT REPORTER    TAPE ☐ | COUNT(S) | Bench Warrant Ordered and issued Forthwith Bench Warrant Bond $ _____ | COUNT(S) | Preliminary Hearing ☐ Held    ☐ Held for G.J. Action ☐ Waived    ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☐ IS PRESENT ☐ IS NOT PRESENT | Defendant: ☐ IS PRESENT ☐ IS NOT PRESENT | | | BOND $ _____ | ☐ CASH ____% ☐ SURETY    ☐ P.R. | |

*Motion to seal Record, Filed 7-11-01 Forwarded to J. Dorsey*

| Count(s) _____ | Nolle Prosequi | Prosecutor _____ | Defendant released and warned ☐ of Penalties for failure to return |
|---|---|---|---|

☐ New Commitment Executed    ☐ Back To Jail O.C.    ☐ Release Executed    ☐ Not In Custody

| DISPOSED | | | | PENDING | | | | | CLERK Purvis | JUDGE/COMM. FELONY BRANCH |
|---|---|---|---|---|---|---|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By |

| Name: Peter Rose | Docket No.: F431-99 |
|---|---|

Form CD-1032 JUNE 90    PAGE 7    0-2954 wd239

EXHIBIT 5

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CRIMINAL DIVISION — FELONY BRANCH**

| | | |
|---|---|---|
| UNITED STATES | : | |
| V. | : | Criminal No.  F-431-99 |
| | : | |
| PETER ROSE | : | |
| | : | |
| Defendant. | : | |

### O R D E R

This matter comes before the Court for consideration of the Defendant's Motion for

the Court to Reconsider its Decision of November 22, 2002 Denying Defendant's Motion to

Seal Arrest Record filed on December 3, 2002 and the Government's Opposition thereto

filed on January 6, 2002.

The following facts and procedural history are before the Court.  On or about

January 19, 1999, the Defendant, Mr. Peter Rose, was arrested and charged with one count

of robbery in violation of D.C. Code § 22-2801 (West 2001) (Count A).  The charge was

later reduced to one count of assault in violation of D.C. Code § 22-404 (2001) (Count B)

and one count of taking property without right in violation of D.C. Code § 22-3216 (2001)

(Count C).  Counts B and C were nollied by the Government on March 9, 2001.

On July 11, 2001, the Defendant filed a Motion to Seal Record.  On November 26,

2001, the Government filed an Opposition in response to the Defendant's Motion.  In an

Order dated December 5, 2001, the Court denied the Defendant's Motion to Seal.  On

December 18, 2001, the Defendant filed a Motion for Reconsideration along with attached

affidavits.  In the Government's Opposition to Defendant's Motion for Reconsideration

filed on February 4, 2002, the Government suggested that the Court convene a hearing on

A TRUE COPY
TEST: 5/7/03
Clerk, Superior Court of the
District of Columbia
By
Deputy Clerk

the Defendant's Motion. On February 12, 2002, the Court set the above-captioned matter for a hearing. The Defendant's Motion for Reconsideration was subsequently denied by the Court on November 22, 2002 following a series of hearings spanning eight days during which nine witnesses testified.[1] The Defendant is now requesting that the Court once again reconsider its decision.

As grounds for his Motion, the Defendant states that he has presented clear and convincing evidence that he did not commit the crimes with which he is charged. The Defendant also claims that before the Court's decision denying his Motion to Seal can stand, he should be allowed an opportunity to explain why he did not respond physically when allegedly attacked by the complainant and why he never called the police following the alleged altercation. Finally, the Defendant notes that both the complainant and the U.S. Park Police detective who prepared the affidavit of probable cause both committed perjury during the course of the hearing held regarding the Defendant's first Motion to Reconsider.[2]

In its Opposition, the Government contends that in his latest Motion to Reconsider, the Defendant presents no newly discovered evidence and alleges no errors of law made by the Court during the hearing on the Defendant's previous motion. Rather, the Defendant

---

[1]    The Court's ruling was swayed in part by two findings. First, the Court concluded that common sense dictated that the Defendant would call the police, not a bartender at the bar where he had been at the previous evening, after he was allegedly attacked by the complainant. Second, the Court did not accept the Defendant's testimony that he never struck the complainant or that the complainant faked his call to the police for help.

[2]    The Court notes that any inconsistencies in the testimony given by the Government's witnesses were previously considered by the Court and do not compel the conclusion that the Defendant is entitled to have his arrest record sealed.

2

A TRUE COPY
5/12/03
Clerk, Superior Court of the
District of Columbia

By
Deputy Clerk

merely restates arguments previously made and rejected by the Court. The Court finds itself in agreement with the Government.

As the conclusion of the hearings held in this matter, this Court found that the Defendant was unable to show by clear and convincing evidence that the offense of assault with which he was charged did not occur. There is nothing in the Defendant's latest pleading to alter this conclusion. The Defendant's desire for an additional hearing to address what the Court found to be weaknesses in his argument at the first hearing is an insufficient basis to request a new hearing. As the Government notes in its Opposition, while the Defendant may continue to disagree with the Court's evaluation of the evidence, that is hardly reason for the Court to grant a motion for reconsideration.

Accordingly, it is this 9th day of January 2003, hereby:

**ORDERED** that the Defendant's Motion for the Court to Reconsider its Decision of November 22, 2002 Denying Defendant's Motion to Seal Arrest Record be, and hereby is, **DENIED**.

*Frederick D. Dorsey*
**Frederick D. Dorsey**
**Associate Judge**

Copies to:

James O'Dea, III, Esq.
Counsel for the Defendant
1111 14th Street, N.W.
Suite 1000
Washington, D.C.  20005

Nihar Mohanty, Esq.
Assistant United States Attorney
555 4th Street, N.W.
Misdemeanor Branch
Washington, D.C.  20001

A TRUE COPY
TEST: 5/7/03
Clerk, Superior Court of the
District of Columbia
By
Deputy Clerk

3

# EXHIBIT 6

**ORIGINAL**

## DISTRICT OF COLUMBIA COURT OF APPEALS

PETER ROSE,           )

         Appellant      )

vs.                  )

UNITED STATES,     )

         Appellee      )

App. No. 04-CO-834

RECEIVED

DISTRICT OF COLUMBIA COURTS

AUG 1 9 2005

AUG 1 9 2005
DISTRICT OF COLUMBIA
COURT OF APPEALS

### APPELLANT'S PETITION FOR REHEARING BY THE DIVISION OR FOR REHEARING EN BANC

COMES NOW the Appellant, Peter Rose, by and through the undersigned Counsel, and in accordance with DC-App. Rules 35 and 40, hereby Petitions this Honorable Court for Rehearing or for Rehearing en Banc in the above matter, and in support hereof states as follows:

1. That this proceeding involves a question of exceptional importance concerning the appropriateness and/or Constitutionality of the standard for sealing arrest records set forth in SCR-Crim. Rule 118 (hereinafter referred to as the "Rule 118 Standard.")

2. That the subject arrest occurred in January 1999 and Appellant was charged with felony robbery by force and violence. That after a preliminary hearing, the Court found no probable cause for the arrest and dismissed the charge.

3. That approximately a year later, the government, based on the same set of facts, charged Appellant with the misdemeanors of simple assault and taking property without right.

4. That in March 2001, the government *nolle prossed* these two charges.

5. That Appellant filed a motion to seal with respect to both the felony robbery charge and the two misdemeanor charges.

6. That Appellant's Motion was denied by the Superior Court and Appellant appealed the denial.

7. That oral argument on the appeal occurred on February 2, 2005.

8. That a written opinion of this Appellate Court, dated August 4, 2005, affirmed the Superior Court's denial of Appellant's motion to seal his arrest record.

9. That in its August 4, 2005 opinion this Court acknowledged that the trial Judge stated unequivocally that there "is no question…[that] there is not proof beyond a reasonable doubt [to support a conviction of the Appellant]." *See* August 4, 2005 Opinion at p. 3.

10. That the Appellant is a former Congressional staffer who holds top secret clearance from the Department of Defense. That he is a consultant in the private sector with respect to major weapons systems, and his clients include, among others, Lockheed Martin and other major defense industry businesses.

11. That Appellant's position involves access to the Oval Office of the White House; access to other secure areas; and frequent travel throughout the United States and the world.

12. That in rendering its decision, this Honorable Court overlooked and/or misapprehended the severe adverse consequences Appellant has and continues to suffer to this day solely as a result of the record of the arrest over six years ago, including the following:

   a. Appellant being denied access to the White House even though he was an invited guest of then President Clinton, who was to meet with Appellant and Appellant's clients in the Oval Office of the White House (said denial of access occurring right in front of Appellant's clients, at the entrance to the White House grounds);

   b. Appellant being delayed and detained by uniformed Secret Service agents, right in front of Appellant's client, at the entrance to a meeting at the Office of Management & Budget, which detention resulted in Appellant missing the meeting;

   c. Appellant being delayed and detained by uniformed Secret Service agents, right in front of a client, at the entrance to the Old Executive Office Building, where Appellant was to meet with high level White House staff concerning homeland security;

d. Appellant having to decline invitations to meet with President Bush and to attend other meetings with important officials or in secure locations for fear of, yet again, being detained and publicly and professionally embarrassed;

e. Appellant being disqualified from the Transportation Security Administration Registered Traveler Pilot Program, which program is designed to expedite the airport screening process for frequent travelers; and

f. Appellant having heightened fear and apprehension whenever in contact with law enforcement (e.g., when Appellant was stopped by a police officer for a routine traffic violation, the officer, upon learning of Appellant's arrest for felony robbery, immediately changed his attitude from friendly to defensive, on edge, suspicious and threatening, and said officer even went so far to ask to search Appellant's vehicle even though the officer had no probable cause or reason to suspect anything, other than his knowledge of Appellant's felony arrest).

13. That as a result, Appellant's ability to perform his job, earn income, advance in his career, and travel freely and without undue fear have been severely and adversely impacted by the arrest record.

14. That the arrest record therefore is impeding Appellant's Constitutional rights, including, but not limited to, his liberty and property rights. *Cf. Dawkins v. U.S.*, 535 A.2d 1383, 1386 at n. 3 (D.C. 1988) (indicating, in the context of issues relating to the sealing of arrest records, that an individual's Constitutional liberty and property rights are implicated where interests such as employment, are affected.).

15. That Appellant's Constitutional rights outweigh any benefit to society in maintaining a record of his arrest.

16. That the Rule 118 Standard for sealing arrest records, which puts the burden on the arrestee to prove "by clear and convincing evidence that the offense for which he was arrested did not occur or that he did not commit the offense" is therefore unconstitutional as applied to Appellant.

17. That the Rule 118 Standard was developed in 1979 (see *District of Columbia v. Hudson*, D.C.App., 404 A.2d 175 (1979)), at a time when arrest information was not so easily distributed throughout law enforcement and civilian realms and when law

enforcement personnel had far less sophisticated resources and tools to assist them. Indeed, at that time, desktop computers were rare and the Internet was not even in existence.

18. That the primary rationale for the Rule 118 Standard was the usefulness to police in keeping arrest records to help prevent crimes and apprehend criminals. *Id.*

19. That this supposed usefulness of arrest records – particularly with respect to *nolle prossed* charges – has always been specious and controversial.[1]

20. That today, more than twenty years after the Rule 118 Standard was developed, such usefulness with respect to *nolle prossed* charges is considerably diminished, particularly in view of the many new and advanced technologies and methods developed by law enforcement that do not rely on arrest records.

21. That at the same time, the adverse impacts on the arrestee of the continued existence of an arrest record have substantially grown due to the incredible ease in which arrest information is now available. *See, e.g.* http://www.integrascan.com/criminalrecords/ which offers instant criminal record checks to the general public for $12.95 for a statewide check and $18.95 for a national search.

22. That many, if not most, other jurisdictions have a far lower standard for granting expungement or other similar procedure with respect to records of arrests that resulted in *nolle prossed* charges. (*See, e.g.* Maryland, where expungements are routinely granted upon the submission of a Petition for Expungement of Records reciting that the charges were *nolle prossed* and attaching a release wherein the arrestee waives any claims of wrongful conduct by the arresting officer and his agency.)

23. That the unConstitutionality of the Rule 118 Standard is a question of exceptional importance that should be reheard by this Honorable Court either by a standard panel of Judges or *en banc*.

24. That in light of the technological and other advancements over the past twenty years, which has increased the costs to individuals and decreased the benefits to society of the present Rule 118 Standard, the appropriateness of the current Rule 118 Standard,

---

[1] See, e.g., Hudson, 404 A.2d at 178 ("Our reference to the practice of law enforcement officials using arrest records should not be taken as approval of these specific uses, but, absent a direct attack on any particular use to which we have referred, we must assume that arrest records have an appropriate role in law enforcement and proceed in this opinion on that premise.")

even if it were Constitutional, is a question of exceptional importance that should be reheard by this Honorable Court either by a standard panel of Judges or en banc because

Bernard Solnik, Esq.
5101 Wisconsin Ave., NW Suite 302
Washington, DC 20016
Tel. 202-686-3900
Fax: 202-237-0258
Attorney for Appellant

## Certificate of Service

I hereby certify that on this 18th day of August, 2005 I caused to be served a true and correct copy of the foregoing document and any attachments and exhibits thereto by first class U.S. mail, postage prepaid, addressed to John Fisher, Esq., Assistant U.S. Attorney, 555 Fourth Street, NW Room 8104, Washington D.C. 20001.

Bernard Solnik

# EXHIBIT 7

# District of Columbia
# Court of Appeals

F I L E D

SEP 14 2005

DISTRICT OF COLUMBIA
COURT OF APPEALS

No. 04-CO-434

PETER ROSE,

    Appellant,

                    F431-99

    v.

UNITED STATES,

    Appellee.

BEFORE: Washington, Chief Judge; Terry, Schwelb, *Farrell, *Wagner, *Ruiz, Reid, Glickman, and Kramer, Associate Judges.

### O R D E R

On consideration of appellant's petition for rehearing or rehearing en banc, it is

ORDERED by the merits division* that the petition for rehearing is denied; and it appearing that no judge of this court has called for a vote on the petition for rehearing en banc, it is

FURTHER ORDERED that the petition for rehearing en banc is denied.

### PER CURIAM

Judge Washington was an Associate Judge of the court at the time of decision. His status changed to Chief Judge on August 6, 2005. Judge Wagner was Chief Judge of the court at the time of decision. Her status changed to Associate Judge on August 6, 2005.

Copies to:

Honorable Frederick H. Weisberg

Clerk, Superior Court

Bernard Solnik, Esquire
5101 Wisconsin Avenue, NW
Suite 302
Washington, DC 20016

John R. Fisher, Esquire
Assistant United States Attorney

sl