UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER ROSE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>DISTRICT OF COLUMBIA,<br>SUPERIOR COURT OF THE<br>    DISTRICT OF COLUMBIA,<br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendants. | Case No.: 1:07-cv-00926<br>Judge: Richard W. Roberts |

### DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant District of Columbia [1], by its attorney the Office of the Attorney General for the District of Columbia, replies to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and states as follows:

1. Plaintiff's opposition further clarifies that there are no genuine issues of material fact except those which Plaintiff continues to assert about the underlying criminal case. He asserts facts that are purely speculative and relevant only to his underlying motion to seal, which underscores the District's argument in its dispositive motion that Plaintiff is simply trying to re-litigate his same motion to seal again and again. *See* Plaintiff's Opposition, ¶ 5, 9, and Plaintiff's Counter-Statement of Material

---

[1] The District continues to move for dismissal of the Superior Court of the District of Columbia as a named defendant for the argument previously submitted, and unopposed, that it is *non suis juris*.

Facts, ¶ 9.  Plaintiff's statement that all charges were dismissed for lack of probable cause is a complete misstatement of the procedural history of the criminal case.  *Id*.  Hopefully, this misstatement was inadvertent because, in fact, it was only the charge of robbery that was dismissed for lack of probable cause, not the other two charges of assault and taking property without right.  *See* Exhibits 3 and 4 to Defendant's Statement of Material Facts Not in Dispute (other charges were in trial posture, then placed on the *stet* docket, then the Government[2] entered a *nolle prosequi*).  Plaintiff does not proffer any evidence to support his statement that Government knew it could not make its case, and, indeed, such a position is completely contradicted by the Government's vehement opposition to Plaintiff's underlying Motion to Seal and its active participation at each stage in the proceedings.

2. Plaintiff's opposition goes so far out on a limb that he cannot, and does not, have any case law to support his opinion that the criminal justice system should be changed so drastically to erase all arrests that do not result in convictions.  Plaintiff begs the Court to make this declaratory ruling, but fails to provide any legal support whatsoever.  Plaintiff's only legal argument is by analogy to civil forfeiture cases, but Plaintiff fails to distinguish the ample case law that is actually applicable to the issues in this case.  By comparison, in its dispositive motion, the District cited case law that clearly supports the constitutionality of Rule 118 in and of itself and as applied to Plaintiff.  *See* Defendant's Memorandum in Support of Motion, *citing District of Columbia v. Hudson*, 404 A.2d 175, 179 (D.C. 1979); *Blunt v. United States*, 322 A.2d 579, 584 (D.C. 1974);

---

[2] As stated in the District's Motion to Dismiss, reference to the "Government" in the context of Plaintiff's criminal case refers only to the United States government because that is the prosecutorial office for the crimes Plaintiff was charged with.

*Dawkins v. United States*, 535 A.2d 1383, 1386 n.3 (D.C. 1988); *Teachey v. Carver*, 736 A.2d 998, 1007 (D.C. 1999), and other cases cited therein.

3.   Plaintiff's Opposition at footnote 3 further reinforces the District's motion to dismiss for failure to state a claim upon which relief can be granted because it states that the Complaint is being brought "pursuant to any and all applicable portions of the Constitution," thus requiring the Court and Defendants to guess what rights Plaintiff is claiming were violated.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007) (Plaintiff must assert facts that "raise a right to relief above the speculative level" in order to survive a motion to dismiss).  This footnote should be entirely disregarded – alleging claims under the Equal Protection Clause, 8th Amendment, 10th Amendment, and 14th Amendment – because it presents as nothing more than stream-of-consciousness verbiage and a *postscript* ("p.s.") mention in order to assert unsubstantiated constitutional violations that were never complained of.   Clearly, Plaintiff's haphazard footnote of constitutional terminology and random Amendments is a last-ditch effort to rekindle a flame that the D.C. Superior Court and Court of Appeals extinguished after Plaintiff exhausted his supply of firewood.

4.   Plaintiff admits that he has already raised the same constitutional issues before the D.C. Court of Appeals.  Plaintiff's Opposition, ¶ 2.  "We live in a jurisdiction of two sovereignties. Each has its own system of courts which operates in a common territory. Great care should be taken to avoid embarrassing conflicts."  *Goss v. Illinois*, 312 F.2d 257, 259 (7th Cir. 1963), *cited by Allen v. McCurry*, 449 U.S. 90, 97 n.9 (1980) (*res judicata* principles apply to civil and criminal proceedings).  Plaintiff continues to assert that the Government never had sufficient grounds to convict him and it is "totally unfair

and unconstitutional to now place the burden" on him. The "totally unfair" argument fails to account for the fact that the D.C. Superior Court and Court of Appeals found that, as a matter of fact, Plaintiff was not actually innocent. *Rose v. United States*, 879 A.2d 986 (D.C. 2005). Plaintiff has failed to distinguish between his claim of innocence in the underlying criminal matter and his claim of some constitutional violation in this matter. Plaintiff's same constitutional argument, rejected by the Court of Appeals when it denied Plaintiff's petition for rehearing *en banc*, should not be entertained by this Court. Because Plaintiff, merely under a different guise, is re-litigating the same claims and desires the same ultimate relief, this Court lacks jurisdiction to review the decisions made by the D.C. Courts. *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996)(*citing District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust*, 263 U.S. 413, 415 (1923)).

WHEREFORE, for the reasons stated in the District's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and the reasons stated in this Reply to Plaintiff's Opposition, the District respectfully requests this Honorable Court dismiss the Complaint or, in the alternative, grant summary judgment in favor of the District of Columbia.

                                                Respectfully submitted,

                                                LINDA SINGER
                                                Attorney General for the District of Columbia

                                                GEORGE C. VALENTINE
                                                Deputy Attorney General
                                                Civil Litigation Division

        ___/s/ Ellen A. Efros_____
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division


      __/s/  Jayme B. Kantor_____
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625