UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER ROSE

       Plaintiff,

  v.

UNITED STATES OF AMERICA, et al.,

       Defendants.

Case : 1 :07-cv-00926 (RWR)
Hon. Richard W. Roberts

**PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COUNTERSTATEMENT OF FACTS AND SUPPLEMENTAL SUPPORTING AFFIDAVIT**

COMES NOW the Plaintiff, by and through undersigned counsel, and hereby moves this Court to accept the attached supplemental counterstatement of facts and supplemental supporting affidavit of Peter Rose, in furtherance of Plaintiff's opposition to "Defendant District Of Columbia's Motion To Dismiss, Or, In The Alternative, Motion For Summary Judgment" and in support hereof states as follows:

1. Upon review of the D.C. Superior Court files for the case numbers referenced in Plaintiff's counterstatement of facts and supporting affidavit, additional information has come to light that clarifies and slightly revises certain statements in the counterstatement and affidavit submitted with Plaintiff's opposition to the District of Columbia's motion.

2. In the interests of the facts being before the Court being accurate and not confusing, Plaintiff requests that the Court accept the attached supplemental counterstatement and supplement affidavit and includes same in its consideration of the "Defendant District Of Columbia's Motion To Dismiss, Or, In The Alternative, Motion For Summary Judgment."

3. Given the nature of the clarifications and revisions, no Defendant is prejudiced by the granting of the relief sought in this Motion.

BERNARD A. SOLNIK

ATTORNEY AT LAW
SUITE 640
11 N. WASHINGTON ST.
ROCKVILLE, MD 20850

TELEPHONE 301-294-9200

Wherefore it is respectfully requested that the

1. "Supplement To Plaintiff's Counter-Statement Of Material Facts Not In Dispute" and
2. "Supplemental Affidavit Of Peter J. Rose In Support Of Opposition To Defendant District Of Columbia's Motion To Dismiss, Or, In The Alternative, Motion For Summary Judgment"

attached hereto be accepted by the Court and for such other and further relief as Plaintiff's cause may require.

                    Respectfully submitted,

                    __/s/ Bernard Solnik_____
                    Bernard A. Solnik, Esq. (D.C. Bar #448453)
                    11 N. Washington Street, Suite 640
                    Rockville, MD 20850
                    Tel. 301-294-9200
                    bsolnik@solniklaw.com

BERNARD A. SOLNIK

ATTORNEY AT LAW
SUITE 640
11 N. WASHINGTON ST.
ROCKVILLE, MD 20850

TELEPHONE 301-294-9200

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER ROSE

       Plaintiff,

v.

UNITED STATES OF AMERICA et al.

       Defendants.

Case : 1 :07-cv-00926 (RWR)
Hon. Richard W. Roberts

**Supplemental** Affidavit Of Peter J. Rose In Support Of Opposition To Defendant District Of Columbia's Motion To Dismiss, Or, In The Alternative, Motion For Summary Judgment

1. That I am at least eighteen (18) years of age; that I am competent to testify, and that I declare under penalty of perjury that this Affidavit is true and correct to the best of my personal knowledge, information and/or belief.

2. Paragraph 6 of my the "Affidavit Of Peter J. Rose In Support Of Opposition To Defendant District Of Columbia's Motion To Dismiss, Or, In The Alternative, Motion For Summary Judgment" that was filed in this matter on September 21, 2007 (hereinafter also referred to as "the Affidavit") stated that:

   > 6. Immediately after being arrested at the U.S. Park Police headquarters, I was placed in a jail cell for twelve hours. I was charged with felony robbery, misdemeanor assault, and misdemeanor taking property without right (said property being the taxi driver's car keys) in docket number 1999 FEL 431. Interestingly, to the best of my recollection, the incident report filed by the responding officer who had met with the cab driver on January 16, 1999 near the scene of the alleged incident shortly after it supposedly had occurred noted that despite the cab driver's claim that his car keys had been stolen, the cab driver did in fact have his keys and had been driving his vehicle after the keys had allegedly been stolen by me!

3. Upon my counsel's review of the D.C. Superior court file in my case, I have learned that paragraph 6 of the Affidavit should be corrected and clarified in that the incident report did not specifically state that the cab driver continued to drive his vehicle after the keys had allegedly been taken by me, and the incident report included a statement by the cab driver claiming that he had a spare key with him.

4. Paragraphs 7 and 8 of the Affidavit stated that:

> 7. On April 1, 1999, the felony count was dismissed by the Court because of a lack of probable cause. The remaining misdemeanor counts were nolle prossed.
>
> 8. Despite no probable cause having been found, *over a year later*, on April 6, 2000, most likely in retaliation for my instigating an internal affairs probe of the arresting officers' egregious misconduct during my arrest, that officer apparently filed misdemeanor information charges on the misdemeanor simple assault and taking property without right charges. See Docket # M 4035-00.

5. These paragraphs of the Affidavit should be slightly revised, in that as a point of clarification, following the dismissal of the felony charge against me, new misdemeanor charges were not filed against me, and a new case number M 4035-00 was not assigned to me. Rather, when the felony charge was dismissed for lack of probable cause it was viewed by the court as a FINAL DISPOSITION of the matter[1], but for some reason, the misdemeanor counts were not dismissed. After laying dormant for *over a year*, for some reason, on April 6 2000 the Government filed a criminal information on the two misdemeanor counts. These counts were placed on the Court's misdemeanor calendar, but retained docket number 1999 FEL 431. Docket M 4035-00 pertains to the case brought against my companion in the taxi, which case was commenced at the same time the Government filed the misdemeanor informations against me in April 2000, despite the alleged misconduct by this companion having occurred well over a year earlier. I suspect the reason for the Government pursuing the misdemeanor case against me and arresting and charging my companion in April 2000 was at the instigation of the U.S. Park Police officer who had arrested me in January 1999, as retaliation for my instigating an internal affairs probe of that officer's misconduct described in the Affidavit. The misdemeanor charge brought against my companion was nolle prossed by the Government on March 9, 2001.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September ___ 2007

_____
Peter J. Rose, Plaintiff

---

[1] *See* the 4/1/99 entry on page 8 of the Government's Exhibit 2 to its motion for summary judgment indicating it was a FINAL DISPOSITION.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER ROSE

       Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

       Defendants.

Case : 1:07-cv-00926 (RWR)
Hon. Richard W. Roberts

SUPPLEMENT TO PLAINTIFF'S COUNTER-STATEMENT
OF MATERIAL FACTS NOT IN DISPUTE

COMES NOW Plaintiff, by and through undersigned counsel, and hereby submits the following supplement to its counterstatement of material facts not in dispute in support of its opposition to Defendant District Of Columbia's Motion To Dismiss, Or, In The Alternative, Motion For Summary Judgment.

1. Paragraph 5 of the initial counterstatement of material facts not in dispute (hereinafter also referred to as "the Counterstatement") stated that:

    5. Immediately after being arrested at the U.S. Park Police headquarters, Mr. Rose was placed in a jail cell for twelve hours. Mr. Rose was charged with felony robbery, misdemeanor assault, and misdemeanor taking property without right (said property being the taxi driver's car keys) in docket number 1999 FEL 431. Interestingly, to the best of Mr. Rose's recollection, the incident report filed by the responding officer who had met with the cab driver on January 16, 1999 near the scene of the alleged incident shortly after it supposedly had occurred noted that despite the cab driver's claim that his car keys had been stolen, the cab driver did in fact have his keys and had been driving his vehicle after the keys had allegedly been stolen by Mr. Rose! (Rose Affidavit.)

2. Paragraph 5 is hereby amended and clarified in that the incident report did not specifically state that the cab driver continued to drive his vehicle after the keys had allegedly been taken by me, and the incident report included a statement by the cab driver claiming that he had a spare key with him.

3. Paragraphs 6 and 7 of the Counterstatement stated that:

    6. On April 1, 1999, the felony count was dismissed for lack of probable cause. The remaining misdemeanor counts were nolle prossed. *See* 1999 FEL 431 exhibits to Defendant's Motion.

BERNARD A. SOLNIK

ATTORNEY AT LAW
SUITE 640
11 N. WASHINGTON ST
ROCKVILLE, MD 20850

TELEPHONE 301-294-9200

7. Despite no probable cause having been found, *over a year later*, on April 6, 2000, most likely in retaliation for Mr. Rose instigating an internal affairs probe of the arresting officers' egregious misconduct during Mr. Rose's arrest, that officer apparently filed misdemeanor information charges on the misdemeanor simple assault and taking property without right charges. (Rose Affidavit and see also Docket # M 4035-00.)

4. These paragraphs of the Counterstatement are hereby revised, in that as a point of clarification, following the dismissal of the felony charge against Mr. Rose, new misdemeanor charges were not filed against Mr. Rose, and a new case number M 4035-00 was not assigned to Mr. Rose's matter.  Rather, when the felony charge was dismissed for lack of probable cause it was viewed by the court as a FINAL DISPOSITION of the matter[1], but for some reason, the misdemeanor counts were not dismissed.  After laying dormant for *over a year*, for some reason, on April 6 2000 the Government filed a criminal information on the two misdemeanor counts.  These counts were placed on the Court's misdemeanor calendar, but retained docket number 1999 FEL 431.  Docket M 4035-00 pertains to the case brought against Mr. Rose's companion in the taxi, which case was commenced at the same time the Government filed the misdemeanor informations against Mr. Rose in April 2000, despite the alleged misconduct by this companion having occurred well over a year earlier.  Mr. Rose suspects the reason for the Government pursuing the misdemeanor case against him and arresting and charging his companion in April 2000 was at the instigation of the U.S. Park Police officer who had arrested Mr. Rose in January 1999, as retaliation for Mr. Rose instigating an internal affairs probe of that officer's misconduct described in the Counterstatement.  The misdemeanor charge brought against Mr. Rose's companion was nolle prossed by the Government on March 9, 2001.

Respectfully submitted,

  /s/ Bernard Solnik
Bernard A. Solnik, Esq. (D.C. Bar #448453)
11 N. Washington Street, Suite 640
Rockville, MD 20850
Tel. 301-294-9200
bsolnik@solniklaw.com

BERNARD A. SOLNIK

ATTORNEY AT LAW
SUITE 640
11 N. WASHINGTON ST.
ROCKVILLE, MD 20850

TELEPHONE 301-294-9200

---

[1] *See* the 4/1/99 entry on page 8 of the Government's Exhibit 2 to its motion for summary judgment indicating it was a FINAL DISPOSITION.

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER ROSE

    Plaintiff,

  v.

(RWR)

Roberts
UNITED STATES OF AMERICA, et al.,

    Defendants.

Case :   1 :07-cv-00926

Hon.   Richard   W.

## ORDER

UPON CONSIDERATION OF "Plaintiff's Motion To File Supplemental Counterstatement Of Facts And Supplemental Supporting Affidavit", and good cause being shown, it is this _____ day of _____ 2007 hereby

**ORDERED**; that "Plaintiff's Motion To File Supplemental Counterstatement Of Facts And Supplemental Supporting Affidavit" is hereby GRANTED; and it is further

**ORDERED**; that the "Supplement To Plaintiff's Counter-Statement Of Material Facts Not In Dispute" and the "Supplemental Affidavit Of Peter J. Rose In Support Of Opposition To Defendant District Of Columbia's Motion To Dismiss, Or, In The Alternative, Motion For Summary Judgment" attached to "Plaintiff's Motion To File Supplemental Counterstatement Of Facts And Supplemental Supporting Affidavit" are hereby accepted as filed in this matter and may be considered by this Court in deciding "Defendant District Of Columbia's Motion To Dismiss, Or, In The Alternative, Motion For Summary Judgment."

_____
JUDGE; U.S. District Court