UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER ROSE,                              )<br>                                                  )<br>    Plaintiff,                               )<br>                                                  )<br>         v.                                     )<br>                                                  )<br>UNITED STATES OF AMERICA,    )<br>DISTRICT OF COLUMBIA,            )<br>SUPERIOR COURT OF THE          )<br>    DISTRICT OF COLUMBIA,       )<br>FEDERAL BUREAU OF INVESTIGATION, )<br>                                                  )<br>    Defendants.                           )<br>                                                  )<br>_____ ) | Case No.: 1:07-cv-00926<br>Judge: Richard W. Roberts |

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE**

Defendant District of Columbia ("Defendant"), by its attorney the Office of the Attorney General for the District of Columbia, hereby opposes Plaintiff's Motion to Enlarge and states as follows:

1) Plaintiff failed to adhere to the duty to confer on this filing, which is required pursuant to LCvR 7(m).

2) Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on September 10, 2007. Plaintiff filed an opposition thereto on September 21, 2007. Defendant filed a reply on September 28, 2007, and on that same day, Plaintiff filed a "Motion to File Supplemental Counterstatement of Facts and Supplemental Supporting Affidavit."[1]

---

[1] Defendant did not move to strike that supplemental filing, although Plaintiff failed to comply with LCvR 7(m) and stated no legal entitlement to such motion, because Defendant preferred Plaintiff to get his story straight and would have consented to such filing had Plaintiff followed the duty to confer.

3)      This new Motion to Enlarge is just another example of Plaintiff's plea with the Court for another bite at the apple.[2]

4)      Defendant firmly believes that Plaintiff has made this request for an enlargement of time because he is still trying to obtain relief in the criminal system. Plaintiff filed yet another Motion to Seal in Criminal Case Number 1999 FEL 431 on September 25, 2007. Plaintiff conveniently failed to mention this fact in both his opposition to Defendant's dispositive motion and in his supplemental counter-statement of facts.[3] Plaintiff is manipulating this Court by stringing this case along with an insincere request to buy time while he continues to try to obtain the same relief in the Superior Court. Plaintiff's motive to unduly delay this proceeding is evidenced by the fact that the United States Attorney's Office would have 60 days in Superior Court to respond to Plaintiff's new motion to seal, which is presumably why he has requested such an unreasonable time for enlargement in this case to December 30, 2007, to file an opposition which, in fact, he has already filed. Defendant's dispositive motion is fully briefed and is submitted for decision. No enlargement of time is necessary or appropriate.

5)      Plaintiff had ample time and opportunity – five months – to gather his own "facts" and even supplement them to correct his initial representations to the Court after Defendant filed its reply to Plaintiff's opposition to Defendant's dispositive motion.

---

[2] *See* Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, Docket # 20.
[3] This apparently purposeful concealment is disingenuous to the Court and Defendants in this case and contradicts the position Plaintiff takes here. Not only does Plaintiff fail to accurately represent the due process that he complains he was deprived of, but he continues to seek his due process in the underlying criminal case.

6) Plaintiff has had ample time and opportunity since filing his Complaint to investigate his case and solicit *amici*.

7) There are no legal grounds, and, indeed, Plaintiff cites none, to support Plaintiff's motion for time to file yet another opposition. Moreover, Plaintiff has failed to state any reason to request such a lengthy delay until December 30, 2007. Such request is prejudicial to Defendant because a) Plaintiff's continued filings are beyond the scope of the Federal Rules of Civil Procedure, but Defendant must continue responding, and b) Defendant has already moved twice for dismissal of this complaint.[4]

8) The Court should deny Plaintiff's Motion to Enlarge because he has already filed the brief for which he requests an enlargement, he states no legal basis for entitlement to this enlargement, he currently seeks the same relief in Superior Court as he has requested of this Court, and he continues to disregard this Court's local rules.

9) Plaintiff's new filing of a Motion to Seal in the Superior Court criminal matter has divested him of standing in this case because, by this filing, he has admittedly re-entered the administrative process which could not, therefore, have been exhausted.

WHEREFORE, Defendant respectfully requests this Honorable Court deny Plaintiff's Motion to Enlarge and grant Defendant the relief it has requested in filings to date.

Respectfully submitted,

---

[4] Defendant's first Motion to Dismiss was procedural – Plaintiff failed to serve proper service and sued a *non suis juris* entity. Docket # 8. Plaintiff corrected his service of process on the District. However, Plaintiff failed to respond to Defendant's motion to dismiss the D.C. Superior Court as *non suis juris* and Defendant moved to treat its motion to dismiss the D.C. Superior Court as conceded. Docket # 22.

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


___/s/ Ellen A. Efros_____
ELLEN A. EFROS [250746]
Chief, Equity I Section
Civil Litigation Division


__/s/  Jayme B. Kantor_____
Jayme B. Kantor [488502]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6627
F(202) 727-3625

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PETER ROSE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>**DISTRICT OF COLUMBIA,** )<br>**SUPERIOR COURT OF THE** )<br>   **DISTRICT OF COLUMBIA,** )<br>**FEDERAL BUREAU OF INVESTIGATION,** )<br>)<br>**Defendants.** )<br>)<br>_____) | **Case No.: 1:07-cv-00926**<br>**Judge: Richard W. Roberts** |

**ORDER**

Upon consideration of Plaintiff's Motion to Enlarge Time, Defendant's Opposition thereto, and the entire record herein, it is, by the Court on this _____ day of _____, 2007, hereby:

**ORDERED**: that Plaintiff's Motion to Enlarge Time is **DENIED**.

_____
Judge Richard Roberts

Copies to:

Jayme Kantor, Esq.
Office of the Attorney General for the District of Columbia
Counsel for Defendant

Bernard Solnik, Esq.
Counsel for Plaintiff

Thomas Rees, Esq.
Department of Justice, United States Attorney's Office
Counsel for Defendant