UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER ROSE

        Plaintiff,

  v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

Case : 1 :07-cv-00926 (RWR)
Hon. Richard W. Roberts

## PLAINTIFF'S REPLY TO DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME

COMES NOW the Plaintiff, by and through undersigned counsel, and hereby replies to the above opposition as follows:

1. The Plaintiff's motion to seal recently filed in the Superior Court (hereinafter the "Motion to Seal") has no bearing whatsoever on the present lawsuit. The Motion to Seal was filed under the newly enacted DC Code Sec. 16-803, which is the new statutory section which authorizes the D.C. Superior Court to seal certain arrest records after a statutory period of time has passed in which the Plaintiff has not been charged with another crime. This is a wholly separate statute in form and substance than the SCR Criminal Rule 118 statute being challenged in this lawsuit.[1]

2. More importantly, DC Code Sec. 16-803 only permits arrest records to be sealed from the general public, and does not permit arrest records to be sealed from access by law enforcement personnel. Thus the relief available under the Motion to Seal does not alleviate the Constitutional and other damages alleged in Plaintiff's lawsuit herein. In particular, a large part of Plaintiff's damages alleged in this lawsuit are damages inflicted by law enforcement personnel accessing his arrest record.

---

[1] SCR Crim. 118 is similar to the newly enacted DC Code Sec. 16-802, in that both provide an "actual innocence" grounds for sealing arrest records, which is a totally different basis for sealing arrest records than Sec. 16-803. Even Sec. 16-802, however, recognizes that SCR Crim. 118 is unduly stringent, since the standard of proof under 16-802, when the motion to seal is filed within 4 years of the charges being dropped, is merely preponderance of the evidence, rather than the clear and convincing evidence standard of SCR Crim. 118. While Plaintiff certainly has standing to challenge SCR Crim. 118, it is unclear to Plaintiff at this juncture whether he has standing to challenge Sec. 16-802. That statute was not the basis for refusing to seal Plaintiff's records, and was not in effect until May of 2007. This is in no way meant to be construed as a concession by Plaintiff that Sec. 16-802 is Constitutional or otherwise lawful. A decision on the Government's motion for summary judgment, will certainly serve as a strong indication of the Court's view of the validity of Sec. 16-802, which is all the more reason why amicus curae are appropriate in this case.

BERNARD A. SOLNIK

ATTORNEY AT LAW
SUITE 640
11 N. WASHINGTON ST.
ROCKVILLE, MD 20850

TELEPHONE 301-294-9200

3. Moreover, the Government's allegation that Plaintiff is somehow manipulating this Court by seeking a delay in the decision on the Government's motion for summary judgment while simultaneously seeking relief under DC Code Sec. 16-803 is nonsensical. The two proceedings are wholly independent matters and the decision on the motion for summary judgment has no bearing whatsoever on the Motion to Seal, nor does the decision on the Motion to Seal have any bearing on the decision on the motion for summary judgment.

4. If anything, the Government and the Court should welcome Plaintiff's request to seek amicus curae. Given the broad ranging impact a ruling in this lawsuit may have on the many citizens who are adversely effected by arrest records relating to crimes these citizens were never proven to have committed, it would certainly be helpful to the Court and the Government for amicus curae to be heard. *Cf. U.S. v. Davis* 180 F. Supp. 2d 797, 800 (E.D. La. 2001) ("Generally, courts have exercised great liberality in permitting an amicus curae to file a brief in a pending case….There are no strict prerequisites…an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable by the court.")

5. Moreover, the importance and relevance of amicus curae did not become apparent until the Government made its position on the Plaintiff's Complaint known through its motion for summary judgment. Plaintiff is therefore acting with due promptness in seeking an opportunity for amicus curae at this juncture.

6. Finally, since the motion for enlargement of time relates to a dispositive motion, Plaintiff's counsel did not view Local Rule 7(m) as applying.

Accordingly, Plaintiff requests (i) that the Court grant until December 30, 2007 in which time persons and organizations may file motions for leave to file amicus curae in this matter; and (ii) for such other and further relief as Plaintiff's cause may require.

    Respectfully submitted,

      /s/ Bernard Solnik  
    Bernard A. Solnik, Esq. (D.C. Bar #448453)  
    11 N. Washington Street, Suite 640  
    Rockville, MD 20850  
    Tel. 301-294-9200  
    bsolnik@solniklaw.com

BERNARD A. SOLNIK

ATTORNEY AT LAW
SUITE 640
11 N. WASHINGTON ST.
ROCKVILLE, MD 20850

TELEPHONE 301-294-9200

2